**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS FENWICK, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHEBY'S, ABC CORPORATIONS 1-10, and JOHN DOES 1 - 10,<br><br>Defendants. | Case No.:<br><br>Civil Action<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

The plaintiff, Francis Fenwick, ("plaintiff"), on behalf of himself and a putative class of similarly situated individuals described herein, alleges the following based upon personal knowledge and/or based upon information and belief, including, *inter alia*, the investigation made by and through his attorneys.

**NATURE OF THE ACTION**

1. This is a class action brought by the plaintiff on behalf of himself and classes of similarly situated individuals. The proposed classes are individuals who worked for Sotheby's who were classified as independent contractors by Sotheby's.

2. The defendant misclassified workers as independent contractors instead of employees, which caused damage to the workers. The defendant also violated applicable laws, including the Freelance Isn't Free Act. There are also other claims that are asserted herein on behalf of the plaintiff individually, including whistleblower claims and age discrimination claims.

3. The plaintiff brings this action to recover damages sustained as a result of the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions, omissions, and concealments, and

for their violations of applicable laws, statutes, and regulations.

4. The defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions and their violations of applicable laws, statutes, and regulations are in connection with their treatment, handling, and misclassification of Sotheby's workers, including, but not limited to, employee misclassification, violation of the Freelance Isn't Free Act, age discrimination, breach of contract, unjust enrichment, whistleblower violations, and fraud.

5. Sotheby's workers, including the plaintiff, were damaged by the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions, omissions, and concealments and by the defendant's violations of applicable laws, statutes, and regulations, and by the defendant's procedures, policies, and practices relating thereto.

6. Statutory damages also apply to the defendant's improper, fraudulent, unconscionable, deceptive, and illegal actions and their violations of applicable laws, statutes, and regulations.

7. As a result, the plaintiff and the class members are entitled to compensatory damages, double damages, treble damages, and attorney's fees, and/or other damages. In addition, the applicable laws, statutes, and regulations include provisions for statutory damages, mandatory double and/or treble damages, and mandatory attorney's fees to be paid by the defendant.

8. As a result, the damages sustained by the plaintiff and other individuals will be doubled or trebled and the plaintiff's attorney's fees will be paid by the defendant.

9. In addition, as noted, the plaintiff may have some claims that are on an individual basis, rather than class-wide. Those claims involve the same facts as the class action claims.

10. The plaintiff seeks the following relief:

(a) An award of appropriate damages for the plaintiff and for all members of the class;

(b) An award of statutory damages, double or treble damages, punitive damages, and attorney's fees;

(c) Disgorgement from the defendant of all monies wrongfully obtained as a result of the defendant's improper, unfair, and deceptive business acts;

(d) Certification of a Class (and/or Sub-Classes) as described herein or as the Court deems proper and just pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(e) Designation of the plaintiff's counsel as Class Counsel pursuant to Rule 23;

(f) Designation of the plaintiff, and/or other class members, as Class Representative(s) pursuant to Rule 23;

(g) An award of attorney's fees and case expenses to Class Counsel; and

(h) Such other relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

11. This Court has personal jurisdiction over the parties in this action.

12. This Court has subject matter jurisdiction over this action.

13. Venue is proper.

**THE PARTIES**

14. The plaintiff, Francis Fenwick, is a resident of Park Ridge, New Jersey. He worked at Sotheby's, including during the years of 2017 to 2019 as described in greater detail in this Complaint.

15. The defendant, Sotheby's ("defendant"), maintains its corporate headquarters at 1334 York Avenue, New York, New York 10021

16. The true names and capacities of the defendant sued herein as ABC Corporations 1 – 10 and John Does 1 – 10 (hereinafter included within "defendant") are presently unknown to plaintiff, who

therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint and include these unknown defendants' true names and capacities if necessary after they are ascertained. Each of the fictitiously-named defendant are parent companies or otherwise related companies and are responsible in some manner for the conduct alleged herein and for the damages suffered by plaintiff and other individuals who are class members.

17. At all times alleged herein, the defendants were agents, related companies, successor companies, acquiring companies, and/or otherwise related to or acting on behalf of each other. The ABC Corporation defendants are also agents, related companies, successor companies, acquiring companies, and/or otherwise related to or acting on behalf of the named defendant.

18. The defendant, at all relevant times, had workers in New York, including the plaintiff.

## FACTUAL BACKGROUND

19. The plaintiff, Frnacis Fenwick, worked for Sotheby's handling accounting and financial work and issues as well as other work and activities.

20. Sotheby's misclassified the plaintiff as an independent contractor rather than as an employee, which caused damage to the plaintiff.

21. Sotheby's also engaged in age discrimination against the plaintiff when they fired or terminated him, which caused damage to the plaintiff.

22. Alternatively, Sotheby's also violated the Freelance Isn't Fre Act in connection with the work that the plaintiff did for Sotheby's, which caused damage to the plaintiff.

23. Alternatively, Sotheby's also breached one or more contracts wth the plaintiff in connection with the work that the plaintiff did for Sotheby's, which caused damage to the plaintiff.

24. Alternatively, Sotheby's also violated whistsleblower laws when they they fired or terminated him, which caused damage to the plaintiff.

## CLAIMS

Pursuant to notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. Those causes of action and remedies at law or in equity include the following:

### COUNT ONE
### (Employee Misclassification)

25. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "24", inclusive with the same force and effect as though the same was more fully set forth at length herein.

26. The defendant's actions were improper and unlawful, including being in violation of applicable laws, including the Fair Labor Standards Act and other State and Federal statutes, laws, and regulations, and plaintiff brings this case as a class and collective action under applicable laws, including FLSA, 29 U.S.C. § 216(b), and other applicable laws.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, treble damages, attorney's fees, costs and disbursements of this action.

### COUNT TWO
### (Breach of Contract)

27. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "26", inclusive with the same force and effect as though the same was more fully set forth at length herein.

28. The parties entered into one or more contracts, under which the defendant had certain duties and obligations.

29. Regardless of whether it is determined that the plaintiff was an independent contractor or a misclassified employee, the defendant breached the contract.

30. The plaintiff has been damaged by the defendant's breach of contract.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

**COUNT THREE**
**(Violation of the Freelance Isn't Free Act)**

31. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "30", inclusive with the same force and effect as though the same was more fully set forth at length herein.

32. Alternatively, the defendant hired the plaintiff as a freelance worker and in doing so was subject to the Freelance Isn't Free Act, as. codified as New York City Administrative Code § 20-927 *et seq.* As such, the defendant had certain duties and obligations.

33. Regardless of whether it is determined that the plaintiff was an independent contractor or a misclassified employee, the defendant violated the Freelance Isn't Free Act.

34. The plaintiff has been damaged by the defendant's violations of the Act and is entitled to statutory damages, double damages, attorney's fees, and other awards.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

**COUNT FOUR**
**(Age Discrimination )**

35. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "34", inclusive with the same force and effect as though the same was more fully set forth at length herein.

36 The plaintiff is 65 years old and is in a prortected class of workers. The defendant terminated and fired the plaintiff, which was an act of age discrimination and a violation of applicable laws,



Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*

statutes, and regulations, including the Americans with Disability Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law.

37. The plaintiff was damaged by the age discrimination by the defendant.

WHEREFORE, the plaintiff requests judgment against the defendant for actual damages and/or treble damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

**COUNT FIVE**
**(Violations of Whistleblower Laws)**

38. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "37", inclusive with the same force and effect as though the same was more fully set forth at length herein.

39. While working at Sotheby's, the plaintiff learned information that suggested Sotheby's was violating certain laws and acted improperly. The plaintiff brought it to the defendant's attention so that the improper and unlawful actions could be addressed. Instead of correcting the improper and unlaweful actions, the defendant fired and terminated the plaintiff, which caused damage to the plaintiff.

40. As one example of the improper actions by Sotheby's, they were sued by the New York State Attorney in the more-than 40-page complaint, filed in New York State Supreme Court on November 6, in which they alleged that Sotheby's "helped wealthy clients evade taxes to boost its own sales." They allege that Sotheby's helped one or more clients evade taxes by filing paperwork giving them benefits that are only legally reserved for dealers, and not private collectors.

41. The defendant's actions were improper and unlawful, including being in violation of applicable

laws, including New York State Labor Law § 740 and other State and Federal statutes, laws, and regulations, including Sarbanes-Oxley and other applicable laws.

WHEREFORE, the plaintiff requests judgment against the defendant for actual damages and/or treble damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

**COUNT SIX**
**(Intentional Misrepresentation/ Fraudulent Concelament and Non-Disclosure/ Fraud/Fraud in the Inducement/)**

42. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "43" inclusive with the same force and effect as though the same was more fully set forth at length herein.

43. As described herein, the defendant's actions included misrepresentations, omissions, concealments, fraudulent representations, and deceptive statements, including the misclassification of employees like the plaintiff as independent contractors.

44. As a result of the defendant's misrepresentations, omissions, concealments, fraudulent representations, and deceptive actions, the plaintiff was damaged.

45. By virtue of the foregoing, the defendant has committed intentional misrepresentations and/or fraud and/or fraud in the inducement and/or fraudulent concealment/non-disclosure, which caused harm and damages to the plaintiff.

46. The plaintiff was caused to suffer damages as a result of defendant's acts and omissions.

47. The plaintiff has been damaged by defendant's actions.

48. The defendant's conduct was fraudulent, malicious, oppressive, egregious, and/or recklessly and was committed with wanton disregard for plaintiff's rights.



Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*

49. The defendant knowingly, intentionally, and fraudulently concealed and/or did not disclose information and/or material facts as described in detail herein. The defendant fraudulently concealed from, and/or intentionally failed to disclose to, the plaintiff the true information.

50. The defendant undertook active and ongoing steps to conceal the truth and the defendant knew or should have known that the defendant alone had the information.

51. The facts concealed and/or not disclosed by defendant were material facts in that a reasonable person would have considered them important.

52. The defendant knew that the information that was concealed and not disclosed properly was material and important to the plaintiff.

53. Plaintiff was damaged as a result of defendant's concealment, non-disclosure, and fraud.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

## COUNT SEVEN
## (Unjust Enrichment)

54. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "53", inclusive with the same force and effect as though the same was more fully set forth at length herein.

55. At all relevant times, the defendant acted improperly as described hererin. As a result, the plaintiff was damaged, including, but not limited to, being denied benefits that had a value to the plaintiff. The defendants gained financially as a result of their improper actions, at the plaintiff's expense.

56. The defendant has therefore been unjustly enriched.

57. The defendant has therefore been unjustly enriched by taking money from the plaintiff and/or by depriving the plaintiff of things of value to the plaintiff, which resulted in financial gain for the

defendant, at the plainiff's expense.

58. As a result of the defendant's unjust enrichment, plaintiff has suffered damages.

59. Ultimately, as a result of the improper and deceptive practices, the defendant gained or kept money that should have been used for benefits and other things of value for the plaintiff and was also enriched by keeping the money.

60. The defendant's improper and unlawful activities, resulted in the unjust enrichment of the defendant.

61. The defendant was unjustly enriched by their improper actions to the detriment of the plaintiff.

WHEREFORE, the plaintiff requests judgment against the defendant for damages, together with interest, punitive damages, attorney's fees, costs and disbursements of this action.

## CLASS ACTION ALLEGATIONS

### Class Definition

62. Plaintiff files this case in his individual capacity and as a class action on behalf of himself and all other similarly situated individuals as more specifically described herein. The plaintiff, and/or other class members who may be named as class representatives at the time a motion is filed to certify the proposed Class, will represent the class. The proposed class is individuals who worked for Sotheby's who were classified as independent contractors by Sotheby's. There may also be one or more sub-classes of individuals depending on discovery in the case.

### Numerosity and Impracticable Joinder

63. Upon information and belief, the class is composed of many individuals who worked for sotheby's and who were classified as independent contractors, the joinder of whom in one action is impracticable. The disposition of their claims in a class action will provide substantial benefits to all parties and the Court. The class is sufficiently numerous since, upon information and belief, it is

estimated that there were many such individuals, which total more than 40 people.

**Risk of Inconsistent or Varying Adjudications**

64. Prosecution of separate actions by class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendant.

65. Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of these claims, therefore, is appropriate.

66. Class-Wide Injunctive/Declaratory Relief. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and/or declaratory relief appropriate with respect to the Class as a whole, rendering class-wide adjudication of these claims appropriate.

**Common Questions of Law or Fact**

67. There is a well-defined community of interests and there are common questions of law or fact affecting the parties to be represented. These questions, and other similar factual or legal questions common to the Class, predominate over individual factual or legal questions. The common questions of law or fact include:

(a) Whether the defendant misclassified employees as independent contractors;

(b) Whether the defendant violated applicable laws and regulations, including the Freelance Isn't Free Act and Age Discrimation laws;

(c) Whether the defendant knew, recklessly disregarded, or reasonably should have known that their acts and practices violated applicable laws and regulations, including those listed above;

(d) Whether the defendant's acts and practices were fraudulent;



Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*

(e) Whether the defendant engaged in practices intending to, or likely to, deceive reasonable individuals who worke for Sotheby's;

(f) Whether the defendant made false or misleading statements or representations of fact;

(g) Whether the defendant deliberately misrepresented or failed to disclose material facts to the plaintiffs and the class members;

(h) Whether the defendant engaged in practices that were false and/or deceptive to those individuals, either intentionally or negligently;

(i) Whether the plaintiffs and class members should be awarded double or treble damages and attorney's fees pursuant to the laws and regulations.

**Typicality**

68. The individual plaintiff, and/or other class representative(s) to be named, are asserting claims that are typical of the claims of the entire class, and the class representative(s) will fairly and adequately represent and protect the interests of the class. They will have no interests that are antagonistic to those of the other members of the class.

69. The factual basis of the claims concerning the defendant's misconduct are common to the members of the Class and represent a common thread of fraudulent misconduct and deceptive business practices resulting in damage to all class members. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for himself and all other members of the proposed Class.

**Fair and Adequate Representation**

70. The class representative(s) will fairly and adequately represent and protect the interests of the class. They will have no interests that are antagonistic to those of the other members of the class. The individual plaintiff has retained counsel who is competent and experienced in the handling of

litigation, including class action litigation. Counsel will fairly and adequately represent and protect the interests of the class.

**Predominance of Common Question of Law or Fact**

71. There are common questions of law or fact that predominate over any questions affecting only individual members of the Class. These common legal or factual questions include those listed herein.

**Superiority of Class Action Treatment**

72. The individual plaintiff and the members of the class have all suffered harm and/or damages as a result of defendant's misrepresentations, improper actions, unlawful and wrongful conduct, and deceptive practices.

73. A class action is superior to all other available methods for the fair and efficient adjudication of those claims. Individual litigation of the claims of all class members is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the Class may be substantial amounts, the individual damages incurred by each class member resulting from defendant's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every class member could afford individual litigation, the Court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments. Individualized litigation would magnify the delay and expense to all of the parties and to the Court system because of multiple trials of the same factual and legal issues. There will be no difficulty encountered in the management of this action that would preclude its maintenance as a class action. In addition, defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or



Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*

corresponding declaratory relief with regard to the members of the Class as a whole is appropriate. Absent a class action, defendant will likely retain a substantial amount of money, including millions of dollars, received as a result of its wrongdoing and misleading conduct. Their improper actions would go un-remedied and uncorrected. Absent a class action, the class members will not receive restitution. Class action treatment of these claims is superior to handling the claims in other ways.

74. Certification of the class will be appropriate under Rule 23 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a result of the forgoing, plaintiff, on behalf of himself and on behalf of all other persons similarly situated, pray for the following relief:

A. an Order certifying the Class and/or any appropriate sub-classes, appointing the named plaintiff as Class Representative, and appointing plaintiff's counsel as Class Counsel;

B. an Order awarding compensatory damages to plaintiff and all members of the Class for all claims in the Complaint;

C. an award of attorney's fees, case expenses, and costs of suit to the plaintiff and the class including the mandatory attorney's fees;

D. an award of double or treble damages;

E. Declaring that the defendant has breached the applicable contracts governing its conduct toward the plaintiff and that such breaches have harmed, and continue to harm, plaintiff;

F. an Order requiring disgorgement of defendants' ill-gotten gains, to pay restitution to plaintiff and all members of the Class, and to restore to the

public all funds acquired by means of any acts or practices declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition or false, untrue or misleading representations;

G. judgment against defendant for actual and punitive damages for each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs; and

H. such other and further relief as the Court may deem necessary or appropriate.

**JURY DEMAND**

**PLEASE TAKE NOTICE** that the Plaintiff demands a trial by jury.

Dated: May 29, 2021

By:________________________
BARRY J. GAINEY
*Attorney for Plaintiff*



Gainey McKenna & Egleston, 375 Abbott Road, *Paramus, NJ 07652, T: 201-225-9001, F: 201-225-9002*