**PROSKAUER ROSE LLP**
Michelle A. Annese, Esq.
Noa M. Baddish, Esq.
Eleven Times Square
New York, New York 10036
Phone: 212-969-3630
Fax: 212-969-2900
mannese@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendant Sotheby's*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FRANCIS FENWICK, Individually, and on behalf of   :    21-cv-11987 (BRM)(JSA)
all others similarly situated,   :

                                   :    Return Date: January 17, 2022
               Plaintiffs,   :

                                   :    *Document Filed Electronically*
    v.   :

                                   :    **Oral Argument Requested**
SOTHEBY'S, ABC CORPORATIONS 1-10, and   :
JOHN DOES 1-10,   :

                         :
              Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SOTHEBY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE CLASS ALLEGATIONS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................... 1

FACTUAL BACKGROUND ............................................................................. 3

ARGUMENT .................................................................................................. 3

I.     Plaintiff's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction ............................................................................................. 3

II.    Plaintiff's FLSA Claim Fails To The Extent It Is Time-Barred And Because Plaintiff Fails To State A Claim (Count One) ..................... 5

     A.    Certain Of Plaintiff's Claims Under The FLSA Are Time-Barred (Count One) .................................................................. 5

     B.    Plaintiff Fails to State a Claim Under the FLSA (Count One) .................. 6

III.    Plaintiff Fails To State A Claim For Breach Of Contract (Count Two). ................ 9

IV.    Plaintiff Fails To State A Claim Under The Freelance Isn't Free Act (Count Three) ........................................................................................ 11

V.    Plaintiff's Age And Disability Discrimination Claims Should Be Dismissed Because Plaintiff Has Failed To Timely Exhaust His Administrative Remedies And Plaintiff Fails To State A Claim (Count Four) .......................................................................................... 12

     A.    Plaintiff Failed To Exhaust His Administrative Remedies As To His ADEA And ADA Claims And Those Claims Are Time-Barred ....... 13

     B.    Plaintiff Fails to State A Claim for Age Discrimination Under the ADEA, NYSHRL, or NYCHRL (Count Four) ......................................... 14

     C.    Plaintiff Fails to State A Claim of Disability Discrimination Under the ADA, NYSHRL, and NYCHRL (Count Four) ................................. 16

VI.    Plaintiff's SOX And New York State Labor Law Section 740 Claims Should Be Dismissed Because Plaintiff Has Failed To Exhaust His Administrative Remdies, His Claims Are Time-Barred And/Or Plaintiff Fails to State A Claim (Count Five) ...................................... 17

     A.    Plaintiff Failed To Exhaust His Administrative Remedies As To His SOX Claims And Those Claims Are Time-Barred. .......................... 18

     B.    Plaintiff's Claim Under New York State Labor Law § 740 Is Time-Barred (Count Five) ................................................................. 18

     C.    Plaintiff Fails to State a Claim for Violations of Whistleblower Laws (Count Five) ................................................................................ 19

VII.    Plaintiff Fails To State A Claim For Fraud/Intentional Misrepresentation, Fraudulent Concealment And Non-Disclosure, Or Fraud In The Inducement (Count Six) ........................................................................ 20

i

|   | A. | Plaintiff Fails To State A Claim For Fraud Or Intentional Misrepresentation | 21 |
|   | B. | Plaintiff Fails To State A Claim For Fraudulent Concealment And Non-Disclosure | 22 |
|   | C. | Plaintiff Fails To State A Claim For Fraudulent Inducement | 23 |
| VIII. | | Plaintiff Fails To State A Claim For Unjust Enrichment (Count Seven) | 23 |
| IX. | | Plaintiff's Class Allegations Should Be Stricken | 25 |
|   | A. | Plaintiff's FLSA And ADEA "Class" Claims Cannot Be Brought Under Rule 23 | 26 |
|   | B. | The Remainder of Plaintiff's Class Claims Are Conclusory and Lack Any Factual Support | 27 |
| CONCLUSION | | | 29 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*,
404 F.3d 566 (2d. Cir. 2005) .................................................22

*Amiot v. Kemper Ins. Co.*,
122 F. App'x 577 (3d Cir. 2004) ...................................15, 16

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ......................................22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................6, 7, 8

*Barnett v. N.J. Transit Corp.*,
573 F. App'x. 239 (3d Cir. 2014) .........................................15

*Barrios v. Suburban Disposal, Inc.*,
No. 12-CV-03663, 2013 WL 1504489 (D.N.J. Apr. 10, 2013) ................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................7

*Benihana of Tokyo, Inc. v. Benihana, Inc.*,
622 F. App'x 169 (3d Cir. 2015) ...........................................9

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011) ...............................................8

*Cardwell v. Davis Polk & Wardwell LLP*,
No. 19-CV-10256 (GHW), 2020 WL 6274826 (S.D.N.Y. Oct. 24, 2020) ......15

*Chen v. Domino's Pizza, Inc.*,
No. 09-CV-107 (JAP), 2009 WL 3379946 (D.N.J. Oct. 16, 2009) ............8

*Cosgriff v. Valdese Weavers LLC*,
No. 09-CV-5234 (KMW) (MHD), 2012 WL 1071497 (S.D.N.Y. Mar. 30,
2012) ....................................................................28

*Coyle v Coll. of Westchester, Inc.*,
166 A.D.3d 722 (2d Dep't 2018) ...........................................19

*Davis v. Abington Mem'l Hosp.*,
765 F.3d 236 (3d Cir. 2014) ...............................................7

*Davis v. Bankers Life and Cas. Co.*,
No. 15-CV-3559 (ES) (JAD), 2016 WL 7668452 (D.N.J. Dec. 23, 2016) ............................21

*Demodulation, Inc. v. Applied DNA Scis., Inc.*,
No. 2:11-CV-00296 (WJM), 2012 WL 6204172 (D.N.J. Dec. 12, 2012) ..............................10

*Dicke v. Jialin Li*,
No. 6-CV-2163 (KM) (MAH), 2017 WL 1011219 (D.N.J. Mar. 15, 2017) ...................3, 4, 5

*Dunham v. Wells Fargo Bank*,
No. 18-CV-08995 (PGS) (DEA), 2019 WL 9657790 (D.N.J. Nov. 6, 2019) ..........................9

*Gould Elecs. Inc. v. U.S.*,
220 F.3d 169 (3d Cir. 2000)....................................................................................................4

*GSC Partners CDO Fund v. Washington*,
368 F.3d 228 (3d Cir. 2004)..................................................................................................21

*Gutwirth v. Woodford Cedar Run Wildlife Refuge*,
38 F. Supp. 3d 485 (D.N.J. 2014) ...................................................................................11, 24

*Henderson v. Golden Corral Sys., Inc.*,
No. 19-CV-2878 (CM), 2019 WL 1988497 (S.D.N.Y. May 3, 2019) ...................................28

*Hudson & Broad, Inc. v. J.C. Penney Corp.*,
No. 12-CV-3239, 2013 WL 3203742 (S.D.N.Y. June 18, 2013), *aff'd,* 553 F.
App'x 37 (2d Cir. 2014).........................................................................................................23

*IDT Corp. v Morgan Stanley Dean Witter & Co.*,
No. 27, 907 N.E.2d 268, 879 N.Y.S.2d 355 (N.Y. 2009).....................................................24

*In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*,
683 F.3d 462 (3d Cir. 2012)....................................................................................................7

*In re NAHC, Inc. Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002)..................................................................................................5

*In re Ry. Indus. Emp. No-Poach Antitrust Litig.*,
395 F. Supp. 3d 464 (W.D. Pa. 2019).....................................................................................28

*Jones v. U.S. Dist. Ct. for the Dist. of Delaware*,
649 F. App'x 132 (3d Cir. 2016) .............................................................................................4

*Karim v. N.Y.C. Health and Hosps. Corp.*,
No. 17-CV-6888 (AT) (OTW), 2019 WL 1495098 (S.D.N.Y. Mar. 6, 2019),
*aff'd,* 834 F. App'x 651 (2d Cir. 2021)..................................................................................15

*Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*,
    481 F. App'x 622 (2d Cir. 2012) ........................................................23

*Lopez v. Ctpartners Exec. Search Inc.*,
    173 F. Supp. 3d 12 (S.D.N.Y. 2016)...................................................21

*Love v. Fifth Third Bank*,
    No. 19-CV-21215 (MAS) (DEA), 2021 WL 1139874 (D.N.J. Mar. 24, 2021) ......................6

*Lusardi v. Xerox Corp.*,
    99 F.R.D. 89 (D.N.J. 1983).................................................................26

*Mandarin Trading Ltd. v Wildenstein*,
    944 N.E.2d 1104, 16 N.Y.3d 173 (N.Y. 2011) .....................................9

*Mantolete v. Bolger*,
    767 F.2d 1416 (9th Cir. 1985) .......................................................25, 26

*Maradiaga v. Pyle*,
    No. 11-CV-06096 (WJM), 2012 WL 3038596 (D.N.J. July 25, 2012) ....................8

*Margolis v. Warner Chilcott (US) LLC*,
    No. 17-CV-4550 (JMV) (JBC), 2018 WL 2455925 (D.N.J. May 31, 2018).........................13

*Mason v. Coca-Cola Co.*,
    774 F. Supp. 2d 699 (D.N.J. 2011) ...................................................21

*Metro. Pilots Ass'n, L.L.C. v. Schlosberg*,
    151 F. Supp. 2d 511 (D.N.J. 2001) ...............................................13, 27

*MZL Capital Holdings, Inc. v. TD Bank, N.A.*,
    No. 14-CV-05772, 2015 WL 4914695 (D.N.J. Aug. 18, 2015) .............................24

*Ndremizara v. Swiss Re Am. Holding Corp.*,
    93 F. Supp. 3d 301 (S.D.N.Y. 2015)..................................................16

*Overby v. Boeing Glob. Staffing*,
    571 F. App'x 118 (3d Cir. 2014) .......................................................13

*Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*,
    460 F. Supp. 3d 481 (S.D.N.Y. 2020)..............................................21, 22

*Remba v Fed'n Emp't and Guidance Serv.*,
    76 N.Y.2d 801, 559 N.E.2d 655, 559 N.Y.S.2d 961 (N.Y. 1990) .........................19

*Rettino v. N.Y.C. Dep't of Educ.*,
    No. 19-CV-5326 (JGK), 2021 WL 2987113 (S.D.N.Y. July 15, 2021) ...................16

*Rexnord Holdings, Inc. v. Bidermann*,
   21 F.3d 522 (2d Cir.1994)......................................................................................9

*Rose v. Husenaj*,
   708 F. App'x 57 (3d Cir. 2017) ..........................................................................4, 5

*Simko v. U.S. Steel Corp*,
   992 F.3d 198 (3d Cir. 2021)................................................................................14

*Skypala v. Mortg. Elec. Registration Sys., Inc.*,
   655 F. Supp. 2d 451 (D.N.J. 2009) .....................................................................10

*Szczachor v. All Granite & Marble Corp.*,
   No. 13-CV-395 (SRC), 2014 WL 7365780 (D.N.J. Dec. 19, 2014).....................11

*TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*,
   No. 12-CV-3355 (RBK/JS), 2013 WL 1223643 (D.N.J. Mar. 25, 2013)..............24

*Thompson v. Real Estate Mortg. Network, Inc.*,
   No. 11-CV-01494, 2011 WL 6935312 (D.N.J. Dec. 30, 2011)...............................7

*Thomson v. Odyssey House*,
   No. 14-CV-3857 (MKB), 2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015), *aff'd*,
   652 F. App'x 44 (2d Cir. 2016) ...........................................................................17

*Tonra v. Kadmon Holdings, Inc.*,
   405 F. Supp. 3d 576 (S.D.N.Y. 2019)..................................................................19

*Trunzo v. Citi Mortg.*,
   No. 11-CV-1124, 2018 WL 741422 (W.D. Pa. Feb. 7, 2018)..........................25, 26

*Washington v. Malmud*,
   No. 1:19-CV-05927, 2020 WL 6144707 (D.N.J. Oct. 20, 2020) .........................15

*Watson v. Eastman Kodak Co.*,
   235 F.3d 851 (3d Cir. 2000)................................................................................14

*Wenzel v. Nautilus Ins. Co.*,
   No. 10-CV-6270 (SRC) (MAS), 2011 WL 1466323 (D.N.J. Apr. 18, 2011) ........23

*Wiest v. Lynch*,
   710 F.3d 121 (3d Cir. 2013).................................................................................20

*Wilson v. Altman*,
   807 F. App'x 172 (3d Cir. 2020) ...........................................................................5

*Wright v. Ocwen Loan Servicing, LLC*,
   No. 3:16-CV-8989 (BRM) (LHG), 2019 WL 4013954 (D.N.J. Aug. 26, 2019)...................25

*Zavala v. Wal Mart Stores Inc.*,
    691 F.3d 527 (3d Cir. 2012)..........................................................................26

**STATUTES**

18 U.S.C. § 1514A(b)(2)(D) ..........................................................................18

29 U.S.C. § 216(b) ....................................................................................6, 26

29 U.S.C. § 255(a) ..........................................................................................6

29 U.S.C § 626(b) .........................................................................................26

29 U.S.C. § 626(d) .........................................................................................13

42 U.S.C. § 2000e–5(e)(1) .............................................................................13

N.Y.C. Admin. Code § 8-107(23)...................................................................28

N.Y.C. Admin. Code § 8-502(d).....................................................................14

N.Y.C. Admin. Code §§ 20-927, *et. seq.* ......................................................11

N.Y. C.P.L.R. § 214 .......................................................................................14

N.Y. Exec. Law § 296-d ................................................................................28

N.Y. Lab. Law § 740(2)(a) .............................................................................19

N.Y. Lab. Law § 740(4)(a) .............................................................................18

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .................................................................................. *passim*

Fed. R. Civ. P. 12 .................................................................................... *passim*

Fed. R. Civ. P. 23 .................................................................................... *passim*

## <u>PRELIMINARY STATEMENT</u>

Defendant Sotheby's ("Sotheby's") hereby submits its Memorandum of Law in support of its Motion to Dismiss Plaintiff Francis Fenwick's ("Plaintiff") Complaint in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and to Strike Plaintiff's Class Allegations pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D).

In his Complaint, Plaintiff asserts the following causes of action against Sotheby's (i) "employee misclassification" under the Fair Labor Standards Act ("FLSA") (Count One); (ii) breach of contract (Count Two); (iii) violation of the Freelance Isn't Free Act (Count Three); (iv) age and disability discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") (Count Four); (v) wrongful termination in violation of New York State Labor Law § 740 and the Sarbanes-Oxley Act ("SOX") (Count Five); (vi) intentional misrepresentation, fraudulent concealment and non-disclosure, fraud, and fraud in the inducement (Count Six); and (vii) unjust enrichment (Count Seven).  Plaintiff also purports to bring class allegations, including under the Freelance Isn't Free Act and "Age Discrimation [sic] laws" on behalf of "individuals who worked for Sotheby's who were classified as independent contractors by Sotheby's."

Plaintiff's Complaint is so devoid of factual allegations and statutory citations that it is difficult (if not impossible) to discern the bases for any of the numerous purported causes of action that he asserts against Sotheby's.  He also inconsistently claims that he is both an employee of Sotheby's and an independent contractor, entirely depending on the claim he is asserting.  For the

1

following reasons, Plaintiff's entire Complaint fails as a matter of law and should be dismissed with prejudice and his class allegations should be stricken.

*First*, Plaintiff failed to plead sufficient facts to invoke this Court's subject matter jurisdiction, including either federal question or diversity jurisdiction.

*Second,* Plaintiff failed to exhaust his administrative remedies with regard to his claims under the ADEA, ADA, and SOX and, thus, his failure to satisfy that procedural prerequisite necessitates dismissal of those claims.  Additionally, each of those claims, as well as Plaintiff's retaliation claim under New York State Labor Law § 740 are time-barred.

*Third,* Plaintiff has not pled and cannot plead facts to plausibly assert any of the causes of action which he seeks to assert against Sotheby's.  The Complaint consists entirely of conclusory statements and, at most, threadbare recitals of the elements of a cause of action.  Plaintiff asserts, for example, a claim for "employee misclassification" under the FLSA without even pleading any facts to support that he was an employee of Sotheby's within the meaning of the statute or that he was not paid the minimum wage or overtime.   Likewise, Plaintiff alleges claims of age discrimination against Sotheby's and merely asserts that he is 65 years old and was "fired" due to age discrimination.  All of Plaintiff's causes of action are similarly deficient and fail as a matter of law.

*Fourth*, Plaintiff's incomprehensible class action allegations should be stricken from the Complaint because they are devoid of any facts and otherwise unsupported by the law.

## FACTUAL BACKGROUND[1]

Plaintiff was engaged by Sotheby's as an independent contractor "handling accounting and financial work and issues as well as other work and activities" from 2017 to 2019.  (Complaint (hereinafter "Compl."), ¶¶ 14, 19, 20.)[2]

According to Plaintiff, "[w]hile working at Sotheby's, [he] learned information that suggested Sotheby's was violating certain laws and acted improperly" and "brought it to the defendant's attention so that the improper and unlawful actions could be addressed."  (Compl. ¶ 39.)  Plaintiff alleges that instead of "correcting the improper and unlawful actions," that on an unidentified date, Sotheby's "fired" Plaintiff.  (*Id.*)  Plaintiff also alleges that he is 65 years old and was "fired" for that reason as well.  (*Id.*)

On May 30, 2021, Plaintiff filed the Complaint in this matter.[3]  (*See* Dkt. 1.)

## ARGUMENT

I.    **PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

Under Rule 12(b)(1), courts may dismiss a Complaint for lack of subject matter jurisdiction.  A party may facially challenge subject matter jurisdiction, which concerns "an

---

[1] Sotheby's accepts any well-pled allegations in the Complaint as true for purposes of this Motion only, but does not waive and expressly reserves its right to challenge the truth of the allegations asserted and/or to assert all applicable affirmative defenses if this Motion is denied in whole or in part.

[2] Significantly, Plaintiff does not allege anywhere in the Complaint when he began providing services to Sotheby's, the position he purportedly held, or the date of his alleged discharge. Further, Sotheby's disputes that Plaintiff was ever an employee of Sotheby's; rather, he was always properly classified as an independent contractor.  However, for purposes of this motion only, Sotheby's accepts as true the allegations regarding Plaintiff's purported status.

[3] Of note, Plaintiff did not serve Sotheby's with the Complaint until October 5, 2021 (Dkt. 4), which Sotheby's objected to as untimely and beyond the 90 day service deadline pursuant to Rule 4(m).  (Dkt. 8.)  For purposes of this Motion, Sotheby's treats the Complaint as being filed on May 30, 2021.

alleged pleading deficiency." *Dicke v. Jialin Li*, No. 6-CV-2163 (KM) (MAH), 2017 WL 1011219, at *2 (D.N.J. Mar. 15, 2017) (citation omitted).  When reviewing a facial attack, courts consider only the allegations of the complaint and any referenced or attached documents.  *Id*. (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)).

Here, Plaintiff does not plead *any* valid basis for this Court's subject matter jurisdiction, including either federal question or diversity jurisdiction.  Instead, he simply states, "[t]his Court has subject matter jurisdiction over this action," which is insufficient as a matter of law.  (Compl. ¶ 12.)  Even if Plaintiff properly asserted federal question jurisdiction, his Complaint should be dismissed because it does not properly present a federal question.  Indeed, as demonstrated below, all of Plaintiff's purported federal claims under the FLSA, ADEA, ADA, and SOX are "wholly insubstantial and frivolous" and should be dismissed with prejudice and, thus, they cannot serve as a basis to invoke federal question jurisdiction.  *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (citation omitted); *see also Jones v. U.S. Dist. Ct. for the Dist. of Delaware,* 649 F. App'x 132, 133 (3d Cir. 2016) (affirming dismissal of complaint for failure to invoke subject matter jurisdiction where the complaint was "wholly insubstantial and frivolous.")  Thus, if these claims are dismissed – as they should be – no basis for federal question jurisdiction exists.

Plaintiff similarly fails to properly plead diversity jurisdiction, which exists "if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties," meaning that the plaintiff cannot be a citizen of the same state as the defendant.  *Rose*, 708 F. App'x  at 59.  A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.  *Id*.  "The party asserting diversity jurisdiction bears the burden of proof."  *Id*. (citation omitted).

While Plaintiff alleges that he is a resident of New Jersey and Sotheby's maintains a corporate headquarters in New York (Compl. ¶¶ 14, 15), these allegations alone are not enough to establish diversity jurisdiction.  Importantly, Plaintiff does not allege, as required, the state in which Sotheby's is incorporated.  Nor does he allege that the amount in controversy exceeds $75,000.  Courts regularly dismiss complaints pursuant to Rule 12(b)(1) where, as here, the complaint fails to adequately allege diversity jurisdiction.  *See, e.g.*, *Rose*, 708 F. App'x at 59 (affirming dismissal of complaint for lack of subject matter jurisdiction where the plaintiff alleged only the defendant's principal place of business, but failed to allege its state of incorporation); *Dicke*, 2017 WL 1011219, at *3 (dismissing complaint where the plaintiff "failed to plead diverse citizenship or an amount in controversy exceeding $75,000.")

Accordingly, for all of these reasons, Plaintiff's Complaint should be dismissed with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

## II.   PLAINTIFF'S FLSA CLAIM FAILS TO THE EXTENT IT IS TIME-BARRED AND BECAUSE PLAINTIFF FAILS TO STATE A CLAIM (COUNT ONE).

Plaintiff's FLSA claims asserted in Count One should be dismissed to the extent those claims are time-barred and/or because Plaintiff fails to state a claim.

### A.   Certain Of Plaintiff's Claims Under The FLSA Are Time-Barred (Count One).

In the Third Circuit, courts may dismiss a Complaint with prejudice on grounds of "bad faith, undue delay, prejudice, or futility." *Wilson v. Altman*, 807 F. App'x 172, 177 (3d Cir. 2020) (citation omitted).  Courts routinely grant dismissal with prejudice on grounds of futility when a claim is barred by the applicable statute of limitations.  *See, e.g.*, *In re NAHC, Inc. Sec. Litig.*, 306

F.3d 1314, 1332 (3d Cir. 2002) (affirming dismissal with prejudice where claims were time-barred, and thus, amendment was futile).

Here, Plaintiff's FLSA claim is time-barred, in whole or in part, as it is subject to a two-year statute of limitations absent any allegation of willful violations (of which none exist in the Complaint). 29 U.S.C. § 255(a). A three year statute of limitations applies to willful violations. *Id*. Plaintiff filed his Complaint on May 30, 2021. Applying the two year statute of limitations, Plaintiff's claims prior to May 30, 2019 are time-barred. Even applying a three-year statute of limitations – for which there is no basis here – Plaintiff's claims prior to May 30, 2018 are time-barred.

### B.    Plaintiff Fails to State A Claim Under the FLSA (Count One).

In support of his claim under the FLSA, Plaintiff summarily alleges that "Sotheby's misclassified the plaintiff as an independent contractor rather than as an employee, which caused damage to the plaintiff."[4] (Compl. ¶ 20; *see also* 21, 25, 26.) He further purports to "bring[] this case as a class and collective action under applicable laws, including FLSA, 29 U.S.C. § 216(b), and other applicable laws." (*Id*. at ¶ 26.)

Rule 12(b)(6) requires a plaintiff to plead sufficient facts "to state a claim to relief that is plausible on its face," allowing the court to "draw the reasonable inference that the defendant is

---

[4] In Count One of the Complaint, Plaintiff alleges that, in addition to his FLSA claim, he is also asserting a misclassification claim under "other State and Federal statutes, laws, and regulations, and plaintiff brings this case as a class and collective action under applicable laws . . . and other applicable laws." (Compl. ¶ 26.) In order to state a cognizable claim, a plaintiff must identify the statute, law or regulation under which he is asserting that claim. His failure here to do so is fatal. *See, e.g.*, *Love v. Fifth Third Bank*, No. 19-CV-21215 (MAS) (DEA), 2021 WL 1139874, at *4 (D.N.J. Mar. 24, 2021) (granting defendants' motion to dismiss the complaint, including dismissal of cause of action where plaintiffs "do not identify what statute they are seeking to invoke.")

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In order to state a *prima facie* claim under the FLSA, a plaintiff must plead that (1) he was an "employee," as defined by the FLSA, (2) the defendant was "engaged in commerce," as defined by the FLSA, and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week. *See Thompson v. Real Estate Mortg. Network, Inc*., 11-CV-01494 (DMC-JAD), 2011 WL 6935312, at *2 (D.N.J. Dec. 30, 2011); *Barrios v. Suburban Disposal, Inc*., 2:12-CV-03663 (WJM), 2013 WL 1504489, at *2 (D.N.J. Apr. 10, 2013).

In the Third Circuit, courts look to the "economic realities" test to determine whether a worker is an employee, which includes the following non-exclusive factors: (1) the alleged employer's authority to hire and fire the relevant employees, (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment, including compensation, benefits, and hours, (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline, (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes. *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). Moreover, the Third Circuit requires a plaintiff asserting an FLSA overtime claim to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Davis v. Abington Mem'l Hosp*., 765 F.3d 236, 243 (3d Cir. 2014) (citation omitted).

As a threshold matter, Plaintiff has not even identified the pertinent sections of the FLSA that he asserts Sotheby's violated. While he generally claims to have been "misclassified" as an

independent contractor, he provides no factual bases to support his assertion that he was an employee of Sotheby's under the economic realities test.  (Compl. ¶ 20).  Plaintiff also has not alleged that Sotheby's is engaged in commerce within the meaning of the FLSA.  Although a court must accept the material facts alleged in the Complaint as true, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim as a matter of law. *Iqbal*, 556 U.S. at 679.  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Significantly, Plaintiff has also failed to allege any facts concerning his wages and hours worked, or that he was ever improperly denied a minimum wage or overtime.  The Complaint contains *no information whatsoever* about any purported unpaid work, as required to state a FLSA claim in the Third Circuit.  Plaintiff's conclusory assertion that misclassification as an independent contractor "caused damage" to him is also insufficient as a matter of law.  (Compl. ¶ 20); *Chen v. Domino's Pizza, Inc.*, No. 09-CV-107 (JAP), 2009 WL 3379946, at *5 (D.N.J. Oct. 16, 2009) (citation and quotation marks omitted) (dismissing complaint asserting putative class action under the FLSA against defendants where plaintiffs "made nothing more than a formulaic recitation of the elements of [the FLSA] cause of action.")

This Court regularly dismisses complaints asserting FLSA violations where, as here, the allegations are obviously deficient, including in the putative collective action context.  *See, e.g.*, *Maradiaga v. Pyle*, 11-CV-06096 (WJM), 2012 WL 3038596, at *2 (D.N.J. July 25, 2012)

(dismissing putative class action with "single cause of action for violations of the FLSA" where the complaint was "utterly devoid of specific factual allegations").

Accordingly, because Plaintiff has not pled any facts to support any cause of action under the FLSA, Count One should be dismissed.

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT TWO).

Plaintiff's claim for breach of contract in Count Two also fails to state a valid claim and should be dismissed.[5]  Under New York law, an action for breach of contract requires proof of (1) a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages. *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 172 (3d Cir. 2015) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir.1994)).  "Generally, a party alleging a breach of contract must "demonstrate the existence of a ... contract reflecting the terms and conditions of their ... purported agreement*."  Mandarin Trading Ltd. v Wildenstein*, 944 N.E.2d 1104, 1110, 16 N.Y.3d 173, 181 (N.Y. 2011) (citation omitted).  Similarly, under New Jersey law, a plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations.  *Dunham v. Wells Fargo Bank*, No. 18-CV-08995 (PGS) (DEA), 2019 WL 9657790, at *3 (D.N.J. Nov. 6, 2019).

Plaintiff's breach of contract claim fails regardless of which state's law is applied.  Here, Plaintiff has not identified any specific contracts entered into between himself and Sotheby's, nor

---

[5] Plaintiff does not specify whether he is asserting any of his common law claims in Counts Two, Six and Seven of the Complaint under New York or New Jersey law.  As a result, Sotheby's is analyzing the claims asserted in each of those counts under the laws of both states.

the relevant terms of the alleged agreements.[6]   Rather, he generally alleges that Sotheby's "breached one or more contracts with the plaintiff in connection with the work that the plaintiff did for Sotheby's" (Compl. ¶ 23) and that "[t]he parties entered into one or more contracts, under which the defendant had certain duties and obligations."  (*Id*. at ¶ 28).

Nor does Plaintiff plead any facts regarding his alleged performance under those contracts or how Sotheby's allegedly breached the contracts.  Furthermore, Plaintiff has not plead any facts concerning how he was damaged by the alleged breaches of contract.  Instead, Plaintiff merely asserts that Sotheby's "breached one or more contracts with the plaintiff in connection with the work that the plaintiff did for Sotheby's, which caused damage to the plaintiff."  (*Id*. at ¶ 23).  This Court has consistently found such pleadings to be insufficient as a matter of law.  *See, e.g.*, *Demodulation, Inc. v. Applied DNA Scis., Inc.*, No. 2:11-CV-00296 (WJM), 2012 WL 6204172, at *8 (D.N.J. Dec. 12, 2012) (dismissing plaintiff's breach of contract claim because the amended complaint "does not identify any contract between the parties" nor "when the alleged agreement was entered into, what the terms of the agreement were, how long the agreement was to last, and what consideration was provided by each party"); *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (granting defendants' motion to dismiss, including as to a breach of contract claim, where "the Complaint does not identify the provisions Plaintiff asserts were breached").

To the extent that Plaintiff's breach of contract claim is based on the same factual allegations as his FLSA claim in Count One, this is further grounds for dismissal.  In the Third

---

[6] To the extent Plaintiff is asserting a breach of contract claim based on a specific contract and that contract contains a choice of law and forum provision, Sotheby's expressly reserves the right to assert any and all defenses with respect to choice of law and venue, including that venue in the U.S. District Court for the District of New Jersey is improper.

Circuit, courts will dismiss state common law claims as preempted when they stem from the same allegations underlying an FLSA claim. *See, e.g.*, *Szczachor v. All Granite & Marble Corp.*, No. 13-CV-395 (SRC), 2014 WL 7365780, at *2 (D.N.J. Dec. 19, 2014) (dismissing plaintiffs' breach of contract and *quantum meruit* claims "based on the same factual allegations as the FLSA claim, that is, Defendants' alleged failure to pay proper regular and overtime wages to the Plaintiffs"); *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014) (holding the FLSA preempted the plaintiff's breach of contract and unjust enrichment claims, which rested upon the "identical predicate" of plaintiff's FLSA claim – *i.e.*, that the defendants failed to provide appropriate overtime compensation).

Because Plaintiff has failed to allege any facts in the Complaint to show entitlement to relief under Count Two, his breach of contract claim should be dismissed.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FREELANCE ISN'T FREE ACT (COUNT THREE).

In Count Three of the Complaint, Plaintiff alleges that Sotheby's "violated the Freelance Isn't Free Act," generally claiming, without more, that "defendant had certain duties and obligations." (Compl. ¶¶ 28, 31-34.) The Freelance Isn't Free Act applies only to "freelance workers" in New York City who are defined as "any natural person…that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation." N.Y.C. Admin. Code §§ 20-927. The Freelance Isn't Free Act contains three private causes of action for freelance workers, including for violations of the (1) "Written contract required," (2) "Unlawful payment practices," or (3) "Retaliation" provisions. *See id.* at §§ 20-928, 20-929, 20-930. Nowhere in the Complaint does Plaintiff specify which causes of action he is asserting against

Sotheby's, much less any facts concerning Sotheby's purported violations of the Freelance Isn't Free Act.[7]

First and foremost, Plaintiff cannot state a claim against Sotheby's pursuant to the Freelance Isn't Free Act because he specifically alleges that he was an employee – and not an independent contractor – of Sotheby's.  (Compl. ¶ 20).  Nor does Plaintiff allege any facts in the Complaint which demonstrate the manner in which Sotheby's allegedly violated the Act.  Rather, Plaintiff merely recites bare legal conclusions that Sotheby's "violated the Freelance Isn't Free Act in connection with the work that the plaintiff did for Sotheby's, which caused damage to the plaintiff" (*Id*. at ¶ 22), and that "[r]egardless of whether it is determined that the plaintiff was an independent contractor or a misclassified employee, the defendant violated the Freelance Isn't Free Act."  (*Id*. at ¶ 33).

Because Plaintiff's allegations are insufficient as a matter of law under Rule 12(b)(6), Count Three should be dismissed.

## V.   PLAINTIFF'S AGE AND DISABILITY DISCRIMINATION CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES AND PLAINTIFF FAILS TO STATE A CLAIM (COUNT FOUR).

Dismissal of Plaintiff's age and disability discrimination claims is warranted because, as detailed below, Plaintiff has failed to exhaust his administrative remedies and his claims are time-barred, and/or because he cannot state a claim upon which relief may be granted.

---

[7] Because Plaintiff has failed to allege which private cause of action he is pursuing under the Freelance Isn't Free Act, and does not allege any facts concerning the alleged conduct in which he claims Sotheby's engaged in violation of the Act, Sotheby's is completely unable to determine when Plaintiff contends his claim accrued and whether the claim is timely.  As a result, to the extent that Plaintiff is permitted to amend his Complaint, Sotheby's reserves the right to raise any statute of limitations argument in connection with any claims asserted under the Act.

**A.     Plaintiff Failed To Exhaust His Administrative Remedies As To His ADEA And ADA Claims And Those Claims Are Time-Barred.[8]**

It is axiomatic that to seek judicial relief under the ADEA and ADA, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful practice occurred.  29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5(e)(1); *Margolis v. Warner Chilcott (US) LLC*, No. 17-CV-4550 (JMV) (JBC), 2018 WL 2455925, at *4 (D.N.J. May 31, 2018) ("the ADEA provides at most 300 days for a claimant to file an age discrimination charge after an unlawful practice"); *Overby v. Boeing Glob. Staffing*, 571 F. App'x 118, 119 (3d Cir. 2014) ("Plaintiffs bringing discrimination claims under…the ADA must exhaust their administrative remedies by filing an administrative charge with the EEOC within 300 days of the alleged discriminatory act").

Plaintiff alleges that he was "fired" from his purported "employment" in or around 2019 (but fails to provide an exact date).  (Compl. ¶ 14, 21, 36.).  The Complaint does not contain any facts suggesting that he properly filed a charge with the EEOC at any point, let alone within 300 days of the alleged discrimination.[9]  Given that more than 300 days have lapsed since "2019," any administrative charge with the EEOC had to be filed in 2020.  Plaintiff does not allege to have filed a charge in 2020 and it is too late for him to do so now.  Courts in the Third Circuit regularly

---

[8] Federal anti-discrimination statutes – including the ADEA and ADA – do not apply to independent contractors.  *See, e.g.*, *Metro. Pilots Ass'n, L.L.C. v. Schlosberg*, 151 F. Supp. 2d 511, 519 (D.N.J. 2001) (noting that "[c]ases interpreting the ADA [and] the ADEA…have held that only employees and not independent contractors are protected under these anti-discrimination statutes.")  Here, Plaintiff was never employed by Sotheby's and, rather, was engaged as an independent contractor.  Notwithstanding, Sotheby's recognizes that the issue of whether Plaintiff was an independent contractor or employee is not an issue which may be decided on a motion to dismiss and, thus, reserves the right, and expressly does not waive the right, to raise this argument if this matter proceeds.

[9] Assuming that Plaintiff's "termination date" was December 31, 2019, Plaintiff would have had to file a charge with the EEOC by October 26, 2020.

dismiss ADEA and ADA claims as time-barred where an administrative charge is untimely, or as here, never filed in the first instance. *See, e.g.*, *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) (affirming dismissal of ADEA claim as untimely where plaintiff failed to file his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges); *Simko v. U.S. Steel Corp*, 992 F.3d 198, 204 (3d Cir. 2021) (affirming dismissal of ADA claim for failure to exhaust administrative remedies where plaintiff failed to file charge within 300-day filing period).

Accordingly, Plaintiff's ADEA and ADA fail as a matter of law and should be dismissed with prejudice.

**B.      Plaintiff Fails to State a Claim for Age Discrimination Under the ADEA, NYSHRL, or NYCHRL (Count Four).**

Plaintiff's claims for age discrimination under the ADEA, NYSHRL, and the NYCHRL should be dismissed Plaintiff has failed to state a claim under any of the statutes.[10]

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show (1) he belongs to a protected class, (2) he suffered some form of adverse employment action,

---

[10] Plaintiffs age discrimination and disability discrimination claims under the NYSHRL and NYCHRL (Count Four) are subject to a three-year statute of limitations. NY CPLR § 214; N.Y.C. Admin. Code § 8-502(d). Here, Plaintiff filed his Complaint on May 30, 2021; thus, any claims under the NYSHRL and NYCHRL based on discrete acts prior to May 30, 2018 are time-barred. Sotheby's is unable – based on the wholly insufficient allegations in the Complaint – to discern the bases for Plaintiff's discrimination claims, other than his purported discharge, and reserves the right to raise any statute of limitations defenses in connection with such claims.

In addition, up until October 11, 2019 and January 11, 2020, independent contractors were not covered by the NYSHRL or NYCHRL, respectively. As a result, Defendant reserves the right, and expressly does not waive the right, to argue, to the extent that Plaintiff is alleging violations (age or disability discrimination) under either statute prior to those dates, that his claims are not viable because Plaintiff was an independent contractor and not an employee of Sotheby's. Indeed, by his own admission, Plaintiff ceased providing services to Sotheby's in 2019 and, thus, he would be precluded from asserting claims under the NYCHRL.

and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. *Washington v. Malmud*, 1:19-CV-05927 (NLH) (KMW), 2020 WL 6144707, at *3 (D.N.J. Oct. 20, 2020) (citing *Barnett v. N.J. Transit Corp.*, 573 F. App'x. 239, 243 (3d Cir. 2014)). Under the NYSHRL, to survive a motion to dismiss, a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his age was a motivating factor in the employment decision. *See Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256 (GHW), 2020 WL 6274826, at *17 (S.D.N.Y. Oct. 24, 2020). Finally, to state a claim for age discrimination under the NYCHRL, a plaintiff must show differential treatment of any degree based on a discriminatory motive. *Karim v. N.Y.C. Health and Hosps. Corp.*, 17-CV-6888 (AT) (OTW), 2019 WL 1495098, at *7 (S.D.N.Y. Mar. 6, 2019), *aff'd*, 834 F. App'x 651 (2d Cir. 2021). This requires a plaintiff to plausibly allege that he was subjected to unequal treatment *because* of his protected characteristic. *Id.*[11]

Plaintiff fails to state an age discrimination claim under any of these statutes. In the Complaint, he only asserts that he is "65 years old" and that Sotheby's "fired the plaintiff, which was an act of age discrimination…." (Compl. ¶ 36.)[12] Significantly, however, he does not plead *any* facts to plausibly allege that his "firing" was due to his age, nor does he even state the date on which he was purportedly discharged. In deciding a motion to dismiss, courts "should reject

---

[11] In Count Four, Plaintiff generally alleges that he was "terminated and fired" in "violation of applicable laws, statutes and regulations, including the . . . [ADEA, NYSHRL, and NYCHRL]." Plaintiff cannot assert claims based on unidentified and unspecified laws, statutes and regulations, and any such claims should be disregarded.

[12] Moreover, based on Plaintiff's own allegations, he was not "fired" because of his age, but for purported whistleblowing-related activity. Indeed, Plaintiff alleges, he "learned information that suggested Sotheby's was violating certain laws and acted improperly. The plaintiff brought it to the defendant's attention so that the improper and unlawful actions could be addressed. Instead of correcting the improper and unlawful action, the defendant fired and terminated the plaintiff..." (Compl. ¶ 39.)

unsupported allegations, bald assertions, or legal conclusions" like those put forth by Plaintiff here. *Amiot v. Kemper Ins. Co.*, 122 F. App'x  577, 579 (3d Cir. 2004) (citation and quotation marks omitted) (affirming dismissal of plaintiff's ADEA, ADA and state discrimination claims where the complaint contained only "bald assertions"); *see also Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301 (S.D.N.Y. 2015) (dismissing ADEA and NYSHRL age discrimination claims where the plaintiff alleged that he was over forty and not hired for a position, but failed to plead any facts that would give rise to inference of discrimination); *Rettino v. N.Y.C. Dep't of Educ.*, 19-CV-5326 (JGK), 2021 WL 2987113, at *4 (S.D.N.Y. July 15, 2021) (citation omitted) (dismissing ADEA age discrimination claim where the plaintiff stated that "he was over 40 years old at the time and that he was not granted a job interview," but "there is nothing in the pleading that allows the Court to infer that one was plausibly the cause of the other").

Accordingly, Plaintiff's age discrimination claims under the ADEA, NYSHRL, and NYCHRL should be dismissed.

### C. Plaintiff Fails to State a Claim of Disability Discrimination Under the ADA, NYSHRL, and NYCHRL (Count Four).

Plaintiff makes a passing reference to the ADA in Count Four of the Complaint, alleging that "[t]he defendant terminated and fired the plaintiff, which was . . . . a violation of applicable laws, statutes and regulations, including the [ADA]." (Compl. ¶ 36). He concludes Count Four, however, by alleging that "plaintiff was damaged by the age discrimination by the defendant." (*Id.* at ¶ 37.) Consequently, it is entirely unclear to Sotheby's whether Plaintiff is asserting a disability discrimination claim, but nonetheless, even if he is, his claims fails as a matter of law.

To establish a *prima facie* case under the ADA, the plaintiff must show that he is (1) disabled within the meaning of the ADA, (2) can perform essential functions of his job with or without reasonable accommodations, and (3) suffered an adverse employment action as a result of

16

his discrimination based on his disability. *Amiot*, 122 F. App'x at 580. "The elements to find disability discrimination under the NYSHRL and NYCHRL[13] generally track the ADA," although both statutes have a broader definition of "disability" than the ADA and neither requires any showing that the disability substantially limits a major life activity. *Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 WL 5561209, at *18 (E.D.N.Y. Sept. 21, 2015), *aff'd*, 652 F. App'x 44 (2d Cir. 2016).

In the Complaint, Plaintiff does not plead any facts concerning a purported disability, his ability to perform the essential functions of his job with or without reasonable accommodations, or any adverse employment action due to a purported disability. Instead, Plaintiff alleges in conclusory fashion that Sotheby's "fired the plaintiff, which was an act of ***age discrimination*** and a violation of applicable laws, statutes, and regulations, including the Americans with Disability [*sic*] Act…" (Compl. ¶ 36). For these reasons, Plaintiff's disability discrimination claims under the ADA, NYSHRL, and NYCHRL should be dismissed.

**VI.    PLAINTIFF'S SOX AND NEW YORK STATE LABOR LAW SECTION 740 CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, HIS CLAIMS ARE TIME-BARRED, AND/OR PLAINTIFF FAILS TO STATE A CLAIM (COUNT FIVE).**

In Count Five of the Complaint, Plaintiff seeks to assert retaliation claims under SOX and Labor Law § 740. Both claims should be dismissed as a matter of law.

---

[13] Although it is entirely unclear whether Plaintiff asserts a disability discrimination claim under either the NYSHRL or NYCHRL, Sotheby's addresses both statutes here out of an abundance of caution. Regardless, as set forth above, Plaintiff's disability discrimination claims fail under all three statutes.

**A.      Plaintiff Failed To Exhaust His Administrative Remedies As To His SOX Claims And Those Claims Are Time-Barred.**

In Count Five of the Complaint, Plaintiff alleges that he was "fired" in retaliation for engaging in purported whistleblowing activity, in violation of SOX.  In order to bring a court action under SOX, an employee asserting a whistleblower retaliation claim must *first* exhaust his administrative remedies by filing a complaint with the Occupational Health and Safety Administration ("OSHA") no later than 180 days after the date on which the violation occurred, or after the date on which the employee became aware of the violation.   18 U.S.C. §1514A(b)(2)(D).

Here, Plaintiff alleges he suffered retaliation on an unidentified date in 2019, but he does not assert in the Complaint that he filed a complaint with OSHA within 180 days, as required. Assuming that Plaintiff was "fired" on December 31, 2019 – the last possible date in 2019 – Plaintiff was required to file a complaint with OSHA by June 28, 2020.  Nowhere in the Complaint does he allege that he did so.  Accordingly, Plaintiff's retaliation claim under SOX should be dismissed with prejudice for failure to exhaust administrative remedies and because it is time-barred.

**B.      Plaintiff's Claim Under New York State Labor Law § 740 Is Time-Barred (Count Five).**

Under New York State Labor Law § 740, a claim must be filed in court "within one year after the alleged retaliatory personnel action was taken."  N.Y. Lab. Law § 740(4)(a).  As noted above, Plaintiff does not allege the date upon which he was purportedly "fired."  However, assuming that his relationship with Sotheby's ended on December 31, 2019, in order to be timely, Plaintiff would have had to file his complaint by December 31, 2020.  Here, the Complaint was

not filed until May 30, 2021 – well over a year after his "discharge" in 2019.  (*See* Dkt. 1.)

Accordingly, Plaintiff's Section 740 claim is time-barred and should be dismissed with prejudice.

### C.   Plaintiff Fails to State a Claim for Violations of Whistleblower Laws (Count Five).

Plaintiff also fails to state a valid claim for "violations of whistleblower laws," under New

York State Labor Law § 740 and SOX, as asserted in Count Five.  (Compl. ¶ 41).

As relevant here, Section 740 protects an employee from any retaliatory personnel action

who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or

practice of the employer that is in violation of law, rule or regulation which violation creates and

presents a substantial and specific danger to the public health or safety, or which constitutes health

care fraud."  N.Y. Lab. Law § 740(2)(a).  For pleading purposes, a plaintiff must "identify the

particular activities, policies or practices in which the employer allegedly engaged, so that the

complaint provides the employer with notice of the alleged complained-of-conduct."  *Tonra v.

Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 586 (S.D.N.Y. 2019) (citation omitted).  The plaintiff

must also allege a "substantial and specific danger to the public health or safety" resulting from a

violation of law, rule or regulation.  *Coyle v Coll. of Westchester, Inc.*, 166 A.D.3d 722, 724, (2d

Dep't 2018).  A reasonable, good faith belief that a violation has occurred is insufficient to invoke

Section 740.  *Tonra*, 405 F. Supp. 3d at 586 (citation omitted).

Here, Plaintiff's Section 740 claim necessarily fails because he does not identify any

particular illicit activities by Sotheby's or that Sotheby's alleged violations created a "substantial

and specific danger to the public health or safety," as required.  N.Y. Lab. Law § 740(2)(a); *see

also Remba v Fed'n Emp't and Guidance Serv.,* 76 N.Y.2d 801, 802, 559 N.E.2d 655, 559

N.Y.S.2d 961 (N.Y. 1990) (affirming dismissal of Section 740 claim where "the conduct

complained of – fraudulent billing – is not the type of violation which creates a 'substantial and specific danger to the public health or safety'").

Plaintiff's SOX claim fares no better.  To establish a *prima facie* case on a SOX whistleblower retaliation claim under Section 806, a plaintiff must allege that (1) he engaged in a protected activity; (2) the employer knew or suspected that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action.  *Wiest v. Lynch*, 710 F.3d 121, 129 (3d Cir. 2013).

Here, Plaintiff does not plead facts sufficient to plausibly allege that he engaged in protected activity.  Rather, he merely asserts that he "learned information that suggested Sotheby's was violating certain laws and acted improperly" and "brought it to the defendant's attention." (Compl. ¶ 39).  Furthermore, Plaintiff does not plead sufficient facts to infer that the circumstances of his departure raise an inference that any alleged protected activity was a contributing factor. Plaintiff alleges only that "[i]nstead of correcting the improper and unlawful [*sic*] actions, the defendant fired and terminated the plaintiff…"  (*Id.*).

Because Plaintiff has not sufficiently plead a claim for "violations of whistleblower laws" under either Section 740 or SOX, Count Five should be dismissed.

## VII.   PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD/INTENTIONAL MISREPRESENTATION, FRAUDULENT CONCEALMENT AND NON-DISCLOSURE, OR FRAUD IN THE INDUCEMENT (COUNT SIX).

Plaintiff fails to state a claim for fraud or intentional misrepresentation, fraudulent concealment and non-disclosure, and fraud in the inducement in Count Six, or to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

**A.      Plaintiff Fails To State A Claim For Fraud Or Intentional Misrepresentation.**

Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 460 F. Supp. 3d 481, 500 (S.D.N.Y. 2020). A claim for intentional misrepresentation is identical to a claim for fraud. *Id.* Similarly, under New Jersey law, a plaintiff alleging fraud or intentional misrepresentation must plead (1) a material representation of fact, (2) knowledge on the speaker's part that the statement is false, (3) an intent that the other rely, (4) actual and reasonable reliance, and (5) resulting damages. *Davis v. Bankers Life and Cas. Co.*, No. 15-CV-3559 (ES) (JAD), 2016 WL 7668452, at *6 (D.N.J. Dec. 23, 2016); *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011).

In addition to the requirements of Rule 12(b)(6), Plaintiff must satisfy Rule 9(b)'s heightened pleading requirement with respect to each cause of action in Count Six, which requires him to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires "the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue." *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 239 (3d Cir. 2004) (citation omitted) (affirming dismissal of fraud claims that failed to meet heightened pleading standard). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 22 (S.D.N.Y. 2016) (citation omitted). While the particularity requirement does not apply to allegations regarding fraudulent intent (or scienter), Plaintiff is "still required to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent" and "[a]n inference is strong if it is cogent and at least as compelling as an opposing inference one could draw from the facts

21

alleged." *Pilkington N. Am., Inc.*, 460 F. Supp. 3d at 491-92 (citation and quotation marks omitted).

Here, Plaintiff has entirely failed to plead any facts, let alone facts with particularity as required, with respect to his claims for fraud or intentional misrepresentation. At no point in the Complaint does Plaintiff allege specific facts concerning the purported material representations made by Sotheby's, why and how such material representations were false, Sotheby's supposed knowledge of the falsity of those material representations, or how Plaintiff was damaged as a result. For these reasons, Plaintiff's fraud or intentional misrepresentation claims should be dismissed.

**B.    Plaintiff Fails To State A Claim For Fraudulent Concealment And Non-Disclosure.**

To state a claim for fraudulent concealment under New York law, a plaintiff must show (1) a relationship between the contracting parties that creates a duty to disclose, (2) knowledge of the material facts by the party bound to disclose, (3) scienter, (4) reliance, and (5) damage. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 582 (2d. Cir. 2005). In order to plead fraudulent concealment in New Jersey, a plaintiff must allege (1) a material misrepresentation of a presently existing or past fact, (2) knowledge or belief by the defendant of its falsity, (3) an intention that the other person rely on it, (4) a reasonable reliance thereon by the other person, and (5) resulting damages. *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009).

Like Plaintiff's fraud claim, Plaintiff's fraudulent concealment/non-disclosure claim fares no better. Again, nowhere in the Complaint does Plaintiff identify any material misrepresentation, who purportedly made that statement, whether that the statement was false, and utterly fails to meet the heightened pleading standard required under Rule 9(b). Thus, Plaintiff's claim should be dismissed.

22

C.      **Plaintiff Fails To State A Claim For Fraudulent Inducement.**

Under New York law, a claim for fraudulent inducement requires (1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard for the truth, (4) which was offered to deceive another or induce him to act, and (5) which that other party relied on to its injury. *Id.* at 580.  Under New Jersey law, the elements of fraud in the inducement are (1) a misrepresentation of material fact, (2) knowledge or belief by the defendant of its falsity, (3) intent that the other party rely on the misrepresentation, and (4) reasonable reliance thereon by the other party. *Wenzel v. Nautilus Ins. Co.*, No. 10-CV-6270 (SRC) (MAS), 2011 WL 1466323, at *5 (D.N.J. Apr. 18, 2011).

Similar to the other causes of action asserted in Count Six, Plaintiff's fraudulent inducement claim is deficient.  Plaintiff does not assert factual assertions of any kind in support of his claim, and the claim has not been plead with the particularity required under Rule 9(b).  As such, it should be dismissed.

VIII.  **PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT (COUNT SEVEN).**

In order to state a claim for unjust enrichment under New York law, a plaintiff must demonstrate that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 627 (2d Cir. 2012).  Notably, "[a]n unjust enrichment claim will only survive upon a finding that no valid and enforceable contract exists." *Hudson & Broad, Inc. v. J.C. Penney Corp.,* No. 12-CV-3239, 2013 WL 3203742, at *5 (S.D.N.Y. June 18, 2013), *aff'd,* 553 F. App'x 37 (2d Cir. 2014).  Under New Jersey law, a plaintiff must establish that (1) the defendant received a benefit and (2) retention of

that benefit would be unjust. *TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*, No. 12-CV-3355 (RBK/JS), 2013 WL 1223643, at *5 (D.N.J. Mar. 25, 2013).

Here, Plaintiff is precluded from asserting an unjust enrichment claim under either New York or New Jersey law because he alleges that the parties entered into written contracts, which Sotheby's purportedly breached. *IDT Corp. v Morgan Stanley Dean Witter & Co.*, No. 27, 907 N.E.2d 268, 274, 879 N.Y.S.2d 355, 361 (N.Y. 2009) ("Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded"); *MZL Capital Holdings, Inc. v. TD Bank, N.A.*, No. 14-CV-05772 (RMB/AMD), 2015 WL 4914695, at *9 (D.N.J. Aug. 18, 2015) (citation omitted) ("Since unjust enrichment is 'not an independent theory of liability, but is the basis for a claim of quasi-contractual liability,' a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim.")

Moreover, as noted with respect to Plaintiff's breach of contract claim, courts in the Third Circuit will dismiss a state common law claim such as unjust enrichment as preempted when, as here, it is based upon the same facts as an FLSA claim. *See, e.g.*, *Gutwirth*, 38 F. Supp. 3d at 491 (holding the FLSA preempted the plaintiff's breach of contract and unjust enrichment claims, which rested upon the "identical predicate" of plaintiff's FLSA claim – *i.e.*, that the defendants failed to provide appropriate overtime compensation).

Beyond that, Plaintiff's unjust enrichment claim fails because he has not plead any facts to state a claim as a matter of law. The Complaint includes only the most superficial assertions and legal conclusions, which must be rejected. (*See* Compl. ¶¶ 54-61.) For example, Plaintiff alleges that Sotheby's has "been unjustly enriched by taking money from the plaintiff and/or by depriving the plaintiff of things of value to the plaintiff, which resulted in financial gain for the defendant,

at the plaintiff's expense." (*Id*. at ¶ 57.)  Courts have dismissed unjust enrichment claims that have been pled with such equally conclusory allegations.  *See, e.g.*, *Wright v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-8989 (BRM) (LHG), 2019 WL 4013954, at *7 (D.N.J. Aug. 26, 2019) (dismissing unjust enrichment claim where the plaintiff alleged only that the defendant was "unjustly enriched at the expense of [the plaintiff] by engaging in deceptive and fraudulent practices.")

Plaintiff cannot state a cognizable claim of unjust enrichment and, as a result, Count Seven should be dismissed.[14]

## IX.    PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN.

If Plaintiff's Complaint is not dismissed in its entirety, this Court should strike the class action allegations from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) or 23(d)(1)(D).  At the pleading stage, Plaintiff "bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."  *Trunzo v. Citi Mortg.*, No. 11-CV-1124, 2018 WL 741422, at *4 (W.D. Pa. Feb. 7, 2018) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th

---

[14] Plaintiff has not pled any allegations concerning his unjust enrichment claim.  As a result, Defendant is unable to determine whether the claim is time-barred and expressly reserves all rights to assert any and all defenses on this basis.

Cir. 1985)); "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Trunzo,* 2018 WL 741422, at *4 (citing *Mantolete*, 767 F.2d at 1424).

Plaintiff fails to meet that standard here because, as with the rest of his complaint, his conclusory class claims are legally and factually deficient and otherwise incomprehensible.

### A.   Plaintiff's FLSA And ADEA "Class" Claims Cannot Be Brought Under Rule 23.

Plaintiff purports to bring "class action allegations" pursuant to Federal Rule of Civil Procedure 23 on behalf of "individuals who worked for Sotheby's who were classified as independent contractors." (Compl. ¶¶ 62, 74.)

Plaintiff does not specify the laws or statutes under which he purports to bring these "class allegations" other than "the Freelance Isn't Free Act and Age Discrimination [sic] laws." (*Id*. ¶ 67.) It is also possible that Plaintiff asserts his FLSA "misclassification" claims on a class-wide basis because he alleges that "whether the defendant misclassified employees as independent contractors" is a "common question of law or fact." (*See id*.)  Plaintiff's class claims for age discrimination under the ADEA and "misclassification" under the FLSA are not cognizable under Rule 23 and must be stricken as a result.  *See* 29 U.S.C § 216(b); 29 U.S.C § 626(b); *Zavala v. Wal Mart Stores Inc*., 691 F.3d 527, 534 (3d Cir. 2012) (certification of a collective action under the FLSA must be brought  pursuant to 29 U.S. Code § 216(b)); *Lusardi v. Xerox Corp*., 99 F.R.D.

89, 92 (D.N.J. 1983) ("There can be no doubt that the express language of § 7(b) of the ADEA

selects the class action mechanism defined in § 16(b) of the FLSA, not that set forth in Rule 23.")[15]

> **B.      The Remainder of Plaintiff's Class Claims Are Conclusory And Lack Any Factual Support.**

The remainder of Plaintiff's "class claims" for age discrimination under the NYSHRL and

the NYCHRL and any that relate to Count Six of the Complaint, are entirely conclusory and lack

any factual basis.  (Compl. ¶¶ 62-67.)   Under Rule 23(a)(2), class allegations may only be

maintained if the plaintiff can meet the commonality requirement that "there are questions of law

or fact common to the class."  FED. R. CIV. P. 23(a)(2).  "A complaint's mere recital of questions

that happen to be shared by class members is "not sufficient to obtain class certification."  *Mielo*

*v. Steak 'n Shake Operations, Inc*., 897 F.3d 467, 487 (3d Cir. 2018) (citation omitted).

Plaintiff has provided absolutely no basis for the Court to conclude that he will be able to

satisfy the commonality requirement for his class-wide age discrimination claims.[16]  Plaintiff

alleges only that a common question of law or fact exists as to whether Sotheby's violated "Age

Discrimation [*sic*] laws," but this is insufficient to allege commonality.  *Mielo*, 897 F.3d at 489

(holding that even where "all class members might allege a violation of the ADA – even the very

same provision of the ADA," this was "not enough" to establish commonality due to the wide

variety of violations).  In addition, the purported class of independent contractors (presumably of

all ages) bears no relation whatsoever to any age discrimination claims arising out of Plaintiff's

---

[15] Furthermore, independent contractors are not covered by the ADEA. *Metro. Pilots Ass'n, L.L.C.*, 151 F. Supp. 2d 511, 519 (D.N.J. 2001) (noting that "[c]ases interpreting…the ADEA…have held that only employees and not independent contractors are protected under these anti-discrimination statutes.")

[16] While Plaintiff's federal age discrimination claims cannot be brought under Rule 23, claims under the NYSHRL or the NYCHRL would be subject to Rule 23.

separation from Sotheby's.  Plaintiff therefore does not allege that the proposed class was subjected to the same purported discriminatory treatment or that they suffered the same damages as a result.  Finally, independent contractors were not covered by the NYCHRL until January 11, 2020 or by the NYSHRL until October 11, 2019 and therefore cannot assert any discrimination claims that accrued prior to that date.  *Henderson v. Golden Corral Sys., Inc.*, 19-CV-2878 (CM), 2019 WL 1988497, at *3 (S.D.N.Y. May 3, 2019) (citation omitted) ("Plaintiff is not covered by…the NYSHRL because she was 'an independent contractor,' and only employees, not independent contractors, are covered by those statutes"); N.Y. Exec. Law § 296-d (amending NYSHRL to cover independent contractors, effective October 11, 2019); *Cosgriff v. Valdese Weavers LLC*, No. 09-CV-5234 (KMW) (MHD), 2012 WL 1071497, at *4 (S.D.N.Y. Mar. 30, 2012) (citation omitted) ("The protections afforded by the NYCHRL extend to employees only, and not to independent contractors"); N.Y.C. Admin. Code § 8-107(23) (amending NYCHRL to independent contractors, effective January 11, 2020).

Plaintiff's other purported class action allegations, which appear to be related to Count Six of the Complaint, should be stricken because, like the remainder of the Complaint, they are too conclusory and do not provide a basis for the Court to find that Plaintiff will be able to satisfy the requirements of Rule 23.  While Plaintiff purports to provide a list of "common issues of law and fact," there are no facts whatsoever in that list.  (Compl. ¶ 67.)  Instead, Plaintiff recites what appears to be the legal elements for a fraud claim.  Plaintiff has provided absolutely no factual or legal grounds for the Court to allow his class claims to proceed and they should therefore be stricken. *See In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 514 (W.D. Pa. 2019) (striking class allegations where "[t]he allegations for a class of all employees [were]

conclusory in that respect and the court cannot discern from the allegations anything about the compensation structures of defendants.")

Finally, Plaintiff's class definition of "all independent contractors" who worked at Sotheby's without any temporal or geographic limits (or reference to the statutes pursuant to which their claims are brought) or any description of the work performed is overly broad and further requires the Court to strike the class allegations.  *Id.*

The Court should therefore strike Plaintiff's class action allegations from the Complaint.

## <u>CONCLUSION</u>

For the reasons stated herein, Sotheby's respectfully requests that this Court dismiss the Complaint in its entirety with prejudice or alternatively, strike the class allegations therein.

Dated: New York, New York
       November 24, 2021

Respectfully submitted,

*/s/ Michelle A. Annese*
Michelle A. Annese
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Phone: 212-969-3630
Fax: 212-969-2900
mannese@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendant Sotheby's*

29