## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK, Individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SOTHEBY'S, ABC CORPORATIONS 1-10, and JOHN DOES 1 - 10,<br><br>　　　　　　Defendants. | Case No.:  21-CV-11987-BRM-JSA<br><br><br>Civil Action<br><br>**Motion Date:  January 17, 2022**<br><br><br>**Oral Argument Requested** |

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE CLASS ACTION ALLEGATIONS

---

**GAINEY McKENNA & EGLESTON**
375 Abbott Road
Paramus, New Jersey 07652
*Attorneys for the Plaintiff*
T: (201) 225-9001
Our File No.:  170.224
Barry J. Gainey, Esq. (7560)
bgainey@gme-law.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………………………………7

STATEMENT OF FACTS ……………………………………………………........................8

LEGAL ARGUMENT ………………………………………………………………………10

I.      LEGAL STANDARDS TO BE APPLIED TO THIS MOTION ………………………......10

        A.  Legal Standard Applicable to a Motion to Dismiss………………………………………10

        B.  Legal Standard Applicable to a Motion to Strike Class Allegations ……………………13

II.     THE COURT SHOULD NOT DISMISS THE COMPLAINT FOR LACK OF SUBJECT
        MATTER JURISDICTION BECAUSE THERE IS DIVERSITY JURISDICTION……………14

III.    THE PLAINTIFF'S MISCLASSIFICATION CLAIMS ARE NOT TIME-BARRED AND THE
        COMPLAINT ADEQUATELY STATES THE MISCLASSIFICATION CLAIMS …………...15

        A.  There is No Merit to the Defendant's Argument That the Misclassification Claims
            are Time-Barred………………………………………………………………………..15

        B.  The Plaintiff's Complaint Adequately States the Misclassification Claims and the
            Defendant's Arguments to the Contrary are Meritless……………………………………16

IV.     THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A
        CLAIM FOR BREACH OF CONTRACT ……………………………………………………19

V.      THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A
        CLAIM UNDER THE FREELANCE ISN'T FREE ACT ……………………………………20

VI.     COUNT FOUR OF THE PLAINTIFF'S COMPLAINT, WHICH ASSERTS
        A CLAIM FOR AGE DISCRIMINATION, IS HEREBY WITHDRAWN ………………….....22

VII.    COUNT FIVE OF THE PLAINTIFF'S COMPLAINT, WHICH ASSERTS A CLAIM
        FOR VIOLATION OF WHISTLEBLOWER LAWS, IS HEREBY WITHDRAWN……………22

VIII.   PLAINTIFF ACKNOWLEDGES THAT COUNT SIX OF THE PLAINTIFF'S
        COMPLAINT, WHICH ASSERTS FRAUD-BASED CLAIMS, COULD CONTAIN
        MORE PARTICULARITY AND SEEKS PERMISSION TO AMEND THE COMPLAINT…...22

IX.     THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM FOR
        UNJUST ENRICHMENT……………………………………………………………………23

X.    THE COURT SHOULD NOT STRIKE THE CLASS ALLEGATIONS IN THIS CASE
      BECAUSE THIRD CIRCUIT PRECEDENT HOLDS THAT CLASS ALLEGATIONS
      SHOULD RARELY BE STRICKEN BEFORE DISCOVERY AND BECAUSE THE
      PLAINTIFF IS ENTITLED TO HAVE THE CLASS CERTIFICATION ISSUE DECIDED
      BY THE COURT AFTER DISCOVERY IS CONDUCTED..........................................24

      A.  Rule 12(f) Does Not Provide a Basis to Strike the Class Action Allegations....................24

      B.  Rule 23(d)(1)(D) Does Not Provide a Basis to Strike the Class Action Allegations............25

XI.   CONCLUSION...............................................................................................27

## TABLE OF AUTHORITIES

**Cases**

*Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.,* Civ. No. 07-4925, *2008 WL 4056244*
*(D.N.J. Aug. 26, 2008)*………………………………………………………………………………13

*Andrews v. Home Depot U.S.A.*, *Inc.*, No. 03-5200, 2005 WL 1490474, (D.N.J. June 23, 2005)………..25

*Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60 (3d Cir. 2011)*………………………11

*Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)*…………...……………......................................................11

*Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)*……………………………………………………………10

*Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).* ………………………………………………………………11

*Burtch v. Milberg Factors, Inc., 662 F.3d 212 (3d Cir. 2011)*………………………………………………18

*Chen v. Domino's Pizza, Inc.*, Civil Action No. 09-107, 2009 WL 3379946 (D.N.J. Oct. 16, 2009)…….18

*Ehrhart v. Synthes, No. 07-1237, 2007 WL 4591276, (D.N.J. Dec. 28, 2007)*……………………………25

*Fowler v. UPMC Shadyside, 578 F.3d 203(3d Cir. 2009)*………………...………………………..………11

*Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)*……………………………………………25

*Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982)…………….….…….13

*Harlow v. Fitzgerald, 457 U.S. 800 (1982)*………………………………………………………….………11

*Hedges v. United States 404 F.3d 744 (3d Cir. 2005)*…………………………………………………..…10

*Hickton v. Enter. Holdings, Inc. (In re Enter. Rent–A–Car Wage & Hour Emp't Practices Litig.),*

*683 F.3d 462 (3d Cir. 2012)*………………………………………………………………………………16

*In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig., No. 2:19-md-2921*

*(D.N.J. Mar. 19, 2021)*………………………………………………………………………………………25

*In re Paulsboro Derailment Cases, 2014 WL 1371712  (D.N.J. Apr. 8, 2014)*……………..…………..….13

*Jama v. U.S. I.N.S., 22 F. Supp. 2d 353 (D.N.J. 1998).* …………………………………..……………12

*Kessler Institute for Rehabilitation, Inc. v. Mayor and Council of Borough of Essex Falls*, 876 F. Supp. 641 (D.N.J., 1995). ……………………………………………..……12

*Krantz v. Prudential Investments Fund Management, LLC*, 77 F. Supp. 2d 559 (D.N.J. 1999); *aff'd*; 308 F.3d 140 (3rd Cir. 2002); *cert. denied*, 537 U.S. 1113 (2003). ……………..……………...12

*Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72 (3d Cir.2011)…………………….13,15

*Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, (3d Cir. 2015)…………………………………14

*Maradiaga v. Pyle*, Civ. No. 2:11-cv-06096, 2012 WL 3038596 (D.N.J. July 25, 2012)………………….18

*Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, (D.N.J. Dec. 20, 2006))……………………25

*Payne v. Fujifilm U.S.A., Inc.*, 2007 WL 4591281 (D.N.J.) ………………………………..…………………10

*Phillips v. County of Allegheny* 515 F.3d 224 (3d Cir. 2008) ……………………………………………10

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir.2011)………………………………………13

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002)……………………………………………..…10

*Prof'l. Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161 (3d Cir. 2007) ……………………………………………………………………12

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010); ……………………………....…………..11

*Scheuer v. Rhodes*, 416 U.S. 232 (1974), abrogated on other grounds, ……………………...……… ..11

*Semerenko v. Cendant Corp.*, 223 F.3d 165 (3d Cir. 2000). ……………………………………………11

*Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672 (7th Cir.2001)………………………………………13

*Thompson v. Real Estate Mrtg. Network, Inc.*, 2011 WL 6935312 (D.N.J. Dec. 30, 2011)………………….17

*Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993))……………………………25

*Town of Secaucus v. U.S. Dept. of Transp.*, 899 F. Supp. 779 (D.N.J., 1995). …………………………..12

*Trunzo v. Citi Mortg.*, No. 11-CV-1124, 2018 WL 741422, (W.D.Pa. Feb. 7, 2018)…………………………27

*Umland v. PLANCO Fin. Servs. Inc.*, 542 F.3d 59 (3d Cir. 2008). ……………………………………..…11

*Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698 (D.N.J. 2013)………………………………………25

*Wright v. Family Dollar, Inc.*, 2010 WL 4962838 (N.D. Ill. Nov.30, 2010)……………………………………13

*Wilson v. Consol. Rail Corp. (In re Paulsboro Derailment Cases)*, Civil No. 13-761 (D.N.J. Apr. 8, 2014)…………………………………………………………………..……27

**Statutes and Rules**

*Fed. R. Civ. P. 8(a)(2)*……………………………………………………………..……..……10

*Fed. R. Civ. P. 12(b)(1)*……………………………………….…..……………………………7

*Fed. R. Civ. P. 12(b)(6)*………………………………………………………………7,10,11

*Fed. R. Civ. P. 12(f)*…………………………………………………………………7,24,25

*Fed. R. Civ. P. 15(a)(2)*…………………………………………………..…………12

*Fed. R. Civ. P. 23(d)(1)(D)*……………………………………………………7,24,25,27

N.Y.C. Admin. Code §§ 20-927, et seq…………………………………………20 and passim

## <u>Other Authorities</u>

1 *McLaughlin on Class Action* § 3:4 (6th ed. 2010) …………………………………….……...13

## PRELIMINARY STATEMENT

The defendant's Motion to Dismiss is based on Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted). A review of the Complaint and controlling case law reveals that there is no merit to the defendant's arguments.  The Court has subject matter jurisdiction based on diversity jurisdiction. The Complaint sufficiently states claims upon which relief can be granted. The plaintiff has made sufficient allegations to support the claims asserted.[1] The allegations in the Complaint must be accepted as true for the purposes of this motion.  The plaintiff is entitled to pursue his claims and obtain a decision on the merits. As such, the Court should deny the Motion to Dismiss. Even if part of the plaintiff's Complaint is insufficient, dismissal is not warranted.  The case law is clear that a plaintiff should be granted leave to amend pleadings to correct deficiencies.

The defendant also seeks to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f) or Federal Rule of Civil Procedure 23(d)(1)(D). A review of  Rule 12(f) reveals that none of the grounds stated therein for striking a pleading are applicable to the plaintiff's Complaint. It does not contain an "insufficient defense" or any "redundant, immaterial, impertinent, or scandalous matter". Rule 23(d)(1)(D) also does not provide grounds for striking the class action allegations at this time. It would be premature to address class certification issues at this point before any discovery has been conducted. Therefore, the motion to strike class action allegations should be denied.

---

[1] The plaintiff is withdrawing some of the claims in the Complaint, as described herein, which will streamline the case.

## STATEMENT OF FACTS

The plaintiff, Francis Fenwick, worked for Sotheby's from April 3, 2017 to June 3, 2020. He worked in an accounting capacity for the Corporate Controller's Department. During his employment, Sotheby's supervised and controlled Mr. Fenwick. In May of 2020, Sotheby's told Mr. Fenwick that they were terminating his employment and that his last day working at Sotheby's would be June 3, 2020.

There were employment contracts for the first two years that Mr. Fenwick worked at Sotheby's. The first contract was signed on March 29, 2017, and it covered the time period from April 3, 2017 to March 30, 2018. The second contract was signed on January 5, 2018, and it covered the time period from January 1, 2018 to December 31, 2018. (Plaintiff is submitting copies of the agreements with these opposition papers.) When the contracts lapsed, Sotheby's kept Mr. Fenwick employed in the same capacity but without a contract.

Sotheby's drafted the contracts between the parties. They state that the relationship between the parties "is that of an independent contractor." Of course, that is of no consequence legally. The Court will make a determination in this case as to whether Mr. Fenwick was an employee or an independent contractor.

If it is determined that Mr. Fenwick was an independent contractor, then the Freelance Isn't Free Act applied to the work relationship. Sotheby's violated the Freelance Isn't Free Act in several different ways. One, there was a time period when there was no written contract for the work being done as an independent contractor. Two, Sotheby's did not pay the plaintiff on time. Three, Sotheby's tried to pay the plaintiff less than the agreed-upon amount. Fourth, Sotheby's may have retaliated against the plaintiff when he tried to get paid.

On the other hand, if it is determined that Mr. Fenwick was an employee, then he has a claim for misclassification. The misclassification claim is for damages resulting from the defendant categorizing the plaintiff as an independent contractor even though he really should have been categorized as an employee. The plaintiff's misclassification claim is that Sotheby's did not treat the plaintiff the same as other

employees when it came to sick days, paid vacation leave, paid time off, health insurance, unemployment, worker's compensation coverage, pension and/or retirement savings, and stock options.

Until a determination is made on whether the plaintiff was an employee or an independent contractor, the claims in the Complaint are pled in the alternative. Despite the defendant's feigned shock at the alternative pleading, it is a common approach and is necessary in this case.[2]

It is worth noting that Sotheby's is aware of all of the facts stated above. They have the contracts between the parties. They employed the plaintiff (sometimes with a written contract and sometimes without one), controlled the work he did, supervised him, delayed payment to him, and eventually fired him. In addition, plaintiff's counsel sent a pre-suit letter to Sotheby's on August 27, 2020, with four pages of details concerning the claims. The defendant is not in the dark on this case.

The final comment in this section is about the rushed filing of the Complaint. In August of 2020, plaintiff's counsel sent a pre-suit demand letter to Sotheby's. Then the plaintiff decided to withdraw the letter (for reasons that he communicated to his counsel). In May of 2021, the plaintiff decided to pursue the matter and plaintiff's counsel contacted Sotheby's about the claims. There were discussions about a tolling agreement so that the parties could attempt to resolve the claims. The parties could not agree on a tolling agreement, so the plaintiff had to file the Complaint on a rush basis because of time concerns. Having said that, the Complaint is still sufficient, and it gives the notice that is required of the claims asserted by the plaintiff.

---

[2] The defendant would like to dismiss the misclassification claims by arguing that the plaintiff was an independent contractor and then dismiss the Freelance Isn't Free Act claims by arguing that the Complaint also alleges that the plaintiff was an employee. It is a waste of everyone's time.

## LEGAL ARGUMENT

### I.   LEGAL STANDARDS TO BE APPLIED TO THIS MOTION

#### A.  Legal Standard Applicable to a Motion to Dismiss

The standard for a motion to dismiss is well-known. Nonetheless, the plaintiff provides the following discussion of the standard so that the record is complete.

*Federal Rule of Civil Procedure 12(b)(6)* provides for the dismissal of a Complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States 404 F.3d 744, 750 (3d Cir. 2005)*. The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374, n. 7 (3d Cir. 2002)* In addition, all reasonable inferences must be drawn in plaintiff's favor.  *Phillips, supra, 515 f.3d at 231. ("reasonable inferences" principle not undermined by subsequent Supreme Court case law).*

The standard to be applied on a motion to dismiss starts with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which governs pleadings in Federal Court cases. *Rule 8(a)(2)* requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Payne v. Fujifilm U.S.A., Inc., 2007 WL 4591281, *2 (D.N.J.) (*quoting *Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)*).

The United States Supreme Court has elaborated on the standard that a Court is to apply in analyzing a *Rule 12(b)(6)* motion to dismiss. Although a Complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).*  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible

on its face." See *Id. at 570;* see also *Umland v. PLANCO Fin. Servs. Inc., 542 F.3d 59, 64 (3d Cir. 2008)*. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).* The question is whether the claimant can prove *any* set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)*, abrogated on other grounds, *Harlow v. Fitzgerald, 457 U.S. 800 (1982)*; *Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000)*.

The Third Circuit has explained and applied the *Twombly/Iqbal* standard in many   cases since the Supreme Court decisions. See, e.g., *Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 70-73 (3d Cir. 2011); Santiago v. Warminster Twp., 629 F.3d 121, 129-30 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 209-211 (3d Cir. 2009)*. In *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012), the Third Circuit summarized the three-step process for deciding a Rule 12(b)(6) motion as follows:

> To determine whether a Complaint meets the pleading standard, our analysis unfolds in three steps.  First, we outline the elements a plaintiff must plead to state a claim for relief. See *Iqbal, 556 U.S. at 675, 129 S.Ct. 1937; Argueta, 643 F.3d at 73*.  Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. See *Iqbal, 556 U.S. at 675, 129 S. Ct. 1937; Argueta, 643 F.3d at 73*.  Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal, 556 U.S. at 679, 129 S. Ct. 1937; Argueta, 643 F.3d at 73*.  This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (Citing *Iqbal, 556 U.S. at 679, 129 S. Ct. 1937*.)
> *Bistrian v. Levi*, 696 F.3d at 365 (3d Cir. 2012)

In this case, when that three-step process is undertaken, and common sense is applied, the plaintiff's Complaint is found to be sufficient. Plaintiff's Complaint states claims for relief that are more than "plausible on their face."   The Complaint properly and sufficiently states a cause of action for misclassification, for violations of the Freelance Isn't Free Act, and for the other claims in the case. The Complaint also seeks class action status based upon the defendant's misclassification of Sotheby's workers

as independent contractors rather than employees and upon the defendant's repeated delay in payment to those workers in violation of the Freelance Isn't Free Act. Plaintiff's claims for damages for himself and for others similarly situated should not be dismissed. The plaintiff, and the proposed class of other Sotheby's workers, have been damaged. Accordingly, defendant's 12(b)(6) motion must be denied.

Courts must be cautious in assessing motions to dismiss, particularly when granting such a motion would terminate litigation before parties have had their day in court. *Town of Secaucus v. U.S. Dept. of Transp., 899 F. Supp. 779 (D.N.J., 1995).* District Courts generally disfavor motions to dismiss based on a failure to state a claim. *Kessler Institute for Rehabilitation, Inc. v. Mayor and Council of Borough of Essex Falls, 876 F. Supp. 641 (D.N.J., 1995).* When a defendant's motion to dismiss is granted, the court should "freely" provide the plaintiff with leave to amend its dismissed causes of action "when justice so requires." See *Fed. R. Civ. P. 15(a)(2).* The Third Circuit has stressed that "[l]iberality is the keystone of [amending federal Complaints] . . . [and] [u]nder [this] liberal pleading philosophy . . . an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay." *Prof'l. Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc., 245 Fed. Appx. 161, 165 (3d Cir. 2007)* (internal quotation marks and citation omitted).

The plaintiff maintains that the Complaint is sufficient, and it clearly places the defendant on notice of the allegations against them. However, if the Court should be inclined to agree with defendant's position, it is respectfully requested that the plaintiff be granted leave to file an Amended Complaint. Dismissal would be a harsh and unjust result. A Court should allow a plaintiff to amend a Complaint instead of dismissing it where a more carefully drafted Complaint might state a claim upon which relief could be granted. *Krantz v. Prudential Investments Fund Management, LLC, 77 F. Supp. 2d 559 (D.N.J. 1999); aff'd; 308 F.3d 140 (3rd Cir. 2002); cert. denied, 537 U.S. 1113 (2003);* See also, *Jama v. U.S. I.N.S., 22 F. Supp. 2d 353 (D.N.J. 1998). 852 F. Supp. 268 (D.N.J. 1994).*

### B.  Legal Standard Applicable to a Motion to Strike Class Allegations

In the case of *In re Paulsboro Derailment Cases*, the Court considered a motion to strike class allegations. *In re Paulsboro Derailment Cases, 2014 WL 1371712, at *2-3 (D.N.J. Apr. 8, 2014).* The Court noted that a "court should grant a motion to strike class allegations only if the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts." *Id.* at *6-7. (citing Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 n.30 (3d Cir. 2011) (holding that it is premature for a district court to decide class certification issues prior to discovery unless the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met.")); and Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co., Civ. No. 07-4925, 2008 WL 4056244, at *7 (D.N.J. Aug. 26, 2008) ("A defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.").

The *Paulsboro* Court further discussed the issues involved in a motion to strike class allegations. The Court noted that "where a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable." *Id. citing Wright v. Family Dollar, Inc., 2010 WL 4962838, at *2 (N.D.Ill. Nov.30, 2010) (citing Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 677 (7th Cir.2001)).* The *Paulsboro* Court continued by noting the following:

> It is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted. *Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir.2011). Otherwise, in order for a district court to engage in the "rigorous analysis" required to determine if certification is proper, an early motion to strike should be denied so that the court can "probe behind the pleadings before coming to rest on the certification question," after discovery has taken place. *Id.* (quoting *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). A leading treatise on class action litigation notes that although a "motion to strike class action allegations may properly be filed before plaintiffs have filed a motion for class certification ... [i]f the viability of a class depends on factual matters that must be developed through discovery, a motion to strike will be denied pending the full-blown certification motion." 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3.4 (7th ed.2010).
> In re Paulsboro Derailment Cases, 2014 WL 1371712, at *2-3.

## II.   THE COURT SHOULD NOT DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THERE IS DIVERSITY JURISDICTION

Point I of the defendant's Memorandum of Law states that the Complaint should be dismissed "for lack of subject matter jurisdiction." That is simply incorrect. The Court has subject matter jurisdiction based on diversity jurisdiction. There is complete diversity among the parties and the amount in controversy exceeds $75,000.00. The Complaint should not be dismissed.

The plaintiff is a resident of Park Ridge, New Jersey. (See Complaint ¶ 14.) The defendant, Sotheby's, is a Delaware corporation with its headquarters at 1334 York Avenue, New York, New York, 10021. (See Complaint ¶ 15.) The damages involved in the individual claims asserted by the plaintiff exceed $75,000.00.

The heading of Point I of the defendant's memorandum of law is "Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction." However, the defendant's papers never actually state that the Court does not have diversity jurisdiction. The reason for that is that the defendant knows that diversity jurisdiction does exist. The plaintiff is a citizen of New Jersey. The defendant is a citizen of New York (where its headquarters are located) and Delaware (where it is incorporated). Because the defendant cannot dispute that diversity exists between the parties, they must argue that the complaint does not properly plead diversity jurisdiction. The argument is a waste of time when it is considered that diversity jurisdiction clearly exists.

Admittedly, the Complaint does not include affirmative allegations of citizenship, but the complaint does allege that the plaintiff is a resident of New Jersey and that Sotheby's has its corporate headquarters in New York. A Google search reveals that Sotheby's is a Delaware Corporation. This Court has held that affirmative allegations of citizenship are not required when alleging diversity jurisdiction. See, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106-07 (3d Cir. 2015) ("a plaintiff may plead diversity jurisdiction without making affirmative allegations of citizenship.") The Third Circuit has held that

allegations of citizenship can be upon information and belief. (See, *Id., at* 107, n.31 ("Separately, we note that in *Lewis* we deemed it permissible to make allegations of citizenship "on information and belief.") Upon information and belief, Sotheby's is incorporated in Delaware and has its headquarters in New York. Although the Complaint does not specifically allege that Sotheby's is a Delaware Corporation, the Complaint should not be dismissed on that basis. There is no question that diversity of citizenship exists among the parties in this case. The defendant's motion to dismiss based on a lack of subject matter jurisdiction should be denied.[3]

### III.   THE PLAINTIFF'S MISCLASSIFICATION CLAIMS ARE NOT TIME-BARRED AND THE COMPLAINT ADEQUATELY STATES THE MISCLASSIFICATION CLAIMS

There is no merit to the defendant's argument that the plaintiff's misclassification claims are time-barred under the statute of limitations in the FLSA. In addition, the defendant ignores the 6-year statute of limitations under the applicable New York State law. Either way, there is no basis to dismiss the plaintiff's misclassification claims.

There is also no merit to the defendant's argument that the misclassification claims are not adequately pled in the Complaint. The defendant cites cases that are not applicable factually or legally. The defendant's motion papers read like a motion for summary judgment rather than a motion to dismiss. When the standard for a motion to dismiss is applied, it is clear that the Complaint is sufficient.

#### A.   There is No Merit to the Defendant's Argument That the Misclassification Claims are Time-Barred

The defendant does not really present an "argument" that the misclassification claims are time-barred. They simply state that the FLSA has a two-year and three-year statute of limitations for hour and wage claims, depending on whether the defendant's actions were willful. They do parenthetically state that the Complaint does not allege willful violations, but a review of the Complaint reveals that they are wrong

---

[3] If the Court does find that the Complaint has pleading deficiencies concerning jurisdiction, or on any other issues, plaintiff requests that the Court allow the plaintiff to amend the pleading. The case law is clear that permission to amend should be liberally granted.

on that issue. The Complaint includes the word "intentional" 5 times and includes numerous other allegations that consist of and/or imply intentional actions ("omissions", "concealment", "unconscionable", "deceptive", and "deceptive business practices"). Thus, the three-year statute of limitations under the FLSA applies to the claims under FLSA.

Next, the defendant ignores the fact that the Complaint clearly states that the plaintiff's misclassification claims are also based on "other State and Federal statutes, laws, and regulations" besides the FLSA (see Complaint ¶ 26.) The defendant does not want to acknowledge the fact that the misclassification claims are also based on State laws. They know that the statute of limitation for misclassification claims under the New York State law is 6 years, which defeats their argument that the misclassification claims are time-barred. The Court should deny the defendant's motion to dismiss the misclassification claims because they are not time-barred.

## B. The Plaintiff's Complaint Adequately States the Misclassification Claims and the Defendant's Arguments to the Contrary are Meritless

The Complaint adequately states the misclassification claims. When the standard for a motion to dismiss is applied, it is clear that the Complaint is sufficient. As with many of the defendant's arguments, their discussion of the misclassification claims reads like a summary judgment motion. They argue that the plaintiff has not satisfied the "economic realities" test to prove that he was an employee and not an independent contractor. Well, at this stage of the case, the plaintiff does not have to "prove" that he was an employee. At this stage, the question is whether the Complaint properly pleads the claims. If the Court decides that the "economic realities" test should be applied when determining whether the plaintiff was an employee or an independent contractor, that will be done after discovery has been conducted. The case that the defendant cites for the "economic realities" test was a summary judgment motion and it involved the issues of "joint employment" under the FLSA.  (*See, Hickton v. Enter. Holdings, Inc. (In re Enter. Rent–A–Car Wage & Hour Emp't Practices Litig.)*, 683 F.3d 462, 464 (3d Cir. 2012)) This case does not involve

the issue of "joint employment", and it is not at the summary judgment stage. The Complaint adequately pleads the misclassification claims.

The Complaint states that the plaintiff worked for Sotheby's, including during 2017 to 2019.[4] (see Complaint ¶ 14 and other paragraphs.) The Complaint also alleges that he worked for Sotheby's "handling accounting and financial work and issues as well as other work and activities." (See Complaint ¶ 19.) The Complaint alleges that "Sotheby's misclassified the plaintiff as an independent contractor rather than as an employee." (See Complaint ¶ 20 and other paragraphs.) The Complaint alleges that the misclassification by Sotheby's was improper and unlawful and in violation of several different statutes, laws, and regulations. (See Complaint ¶ 5, 6, and 25, and other paragraphs.) The Complaint alleges that the improper misclassification by Sotheby's caused damage to the plaintiff and that the plaintiff is entitled to statutory damages, compensatory damages, double or treble damages, and attorney's fees. (See Complaint ¶ 2, 5, 6, 7, 21, and other paragraphs.) Thus, the Complaint alleges that Sotheby's misclassification of the plaintiff was improper and unlawful, and it alleges that their actions caused damage to the plaintiff. The Complaint is more than sufficient.

The arguments to the contrary by Sotheby's are almost laughable. They argue that the plaintiff did not allege that he was an employee of Sotheby's, which is simply wrong. (See Complaint, including paragraphs cited above.) They also seem to suggest that Sotheby's is not "engaged in commerce", which is utter nonsense. Sotheby's is a multi-billion-dollar company that buys and sells around the globe.[5]

The defendant cites to several cases that are not applicable factually or legally. For instance, the defendant cites to *Thompson v. Real Estate Mrtg. Network, Inc.*, 2011 WL 6935312 (D.N.J. Dec. 30, 2011), in which the plaintiff sued numerous defendants and failed to allege that she worked for each of them. That

---

[4] While it does not affect the sufficiency of the pleading, the plaintiff notes that he actually worked at Sotheby's from 2017 to 2020, not 2019. When Sotheby's fired the plaintiff, it was effective June 3, 2020.
[5] We will not bother with citations for these statements. The Court can take judicial notice of Sotheby's involvement in commence in the United States and globally.

case is quite different from this matter because the Complaint herein clearly states that the plaintiff worked for Sotheby's, who is the only defendant in the case.

The defendant also cites to *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir. 2011), which involved conspiracy and price-fixing claims. The elements of those claims are very different than the elements of plaintiff's misclassification claims. In this case, the plaintiff has alleged the elements of the misclassification claim.

The defendant also cites to *Chen v. Domino's Pizza, Inc.*, Civil Action No. 09-107 (JAP), 2009 WL 3379946, (D.N.J. Oct. 16, 2009),  and argues that the plaintiff fails to state his "wages and hours worked, or that he was ever improperly denied a minimum wage or overtime."[6] The case is completely inapplicable other than a general discussion of the *Twombly* and *Iqbal* cases. The *Chen* case focused on the issue of whether Domino's Pizza was the plaintiff's employer or whether a co-defendant employed the plaintiff. As noted above, there is no question in this case that the plaintiff worked for Sotheby's or that the Complaint alleges that fact.

Finally, the defendant cites to *Maradiaga v. Pyle*, Civ. No. 2:11-cv-06096 (WJM), 2012 WL 3038596 (D.N.J. July 25, 2012) and argues that the Complaint is "utterly devoid of specific factual allegations." A comparison of the *Maradiaga* case and the Complaint in this case shows that the case is inapplicable.  For example, the Complaint in *Maradiaga* did not allege the dates of employment or any description of the plaintiff's duties. In this case, the Complaint does allege the dates of plaintiff's employment with Sotheby's and his duties (see Complaint ¶ 14 and ¶ 19 respectively). The *Maradiaga* case is simply not applicable.

---

[6] The defendant knows that the plaintiff is not alleging that he was denied a minimum wage or payment for overtime. The defendant knows that the plaintiff's claim is that Sotheby's did not treat the plaintiff the same as other employees when it came to sick days, paid vacation leave, paid time off, health insurance, unemployment, worker's compensation coverage, retirement savings, and stock options. The plaintiff does not have to include all of those specific details in the Complaint, but the defendant is aware of those details.

The Complaint in this case adequately alleges the elements of the misclassification claim and the facts to support the claim.  As discussed above in Point I, the Court should consider the elements of the claim in question and assume the veracity of well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement for relief. Applying that standard to the Complaint herein, it is clear that the motion to dismiss should be denied.

The defendant is well aware of the details of the plaintiff's employment for the defendant. They have the contracts that the parties signed for two of the three years that the plaintiff worked for Sotheby's. They know that a contract was not signed for the last year and a half that the plaintiff worked for Sotheby's. The defendant has all of the relevant information about the plaintiff's time at Sotheby's in their personnel file for the plaintiff. They also have a detailed pre-suit claim letter that plaintiff's counsel sent to them on August 27, 2020. They know that the plaintiff started working for Sotheby's on April 3, 2017, and the termination notice stated that his last day of work was June 3, 2020.  There is no basis whatsoever to dismiss the complaint based on a failure to state a claim. The defendant's motion should be denied.

## IV.    THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM FOR BREACH OF CONTRACT

The Complaint adequately states the breach of contract claim, including the facts to support the claim. The defendant's argument to the contrary is off-point and without merit. The motion to dismiss the breach of contract claim should be denied.

The contract specifically alleges that the plaintiff and Sotheby's "entered into one or more contracts, under which the defendant had certain duties and obligations." (See Complaint ¶ 28.) The defendant has copies of those contracts and there is absolutely no question that the contracts exist.[7] The Complaint describes the work that the plaintiff did for Sotheby's. (See Complaint ¶ 19 -- "handling accounting and financial work and issues as well as other work and activities.") The Complaint alleges that the defendant

---

[7] The Complaint is worded the way it is (i.e., "the parties entered into one or more contracts") because, at the time the pleading was prepared, it was clear that the parties signed two contracts but there was some question about a third contract.

"breached one or more of the contracts with the plaintiff in connection with the work that the plaintiff did for Sotheby's." (See Complaint ¶ 23 and 30.) Finally, the Complaint alleges that the plaintiff was damaged by Sotheby's breach of the contracts. (See Complaint ¶ 23 and 30.)

It is clear that the breach of contract claim in the Complaint is sufficient. The defendant's arguments that the Complaint does not adequately allege the breach of contract claim have no merit. The cases cited by the defendant simply do not apply. The motion to dismiss the breach of contract claims should be denied.

## V.      THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM UNDER THE FREELANCE ISN'T FREE ACT

The Complaint adequately states the plaintiff's claims under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-92, et seq. ("FIFA"). The two arguments presented by the defendant both fail. One argument is unsupported by any law and the other argument simply ignores the plaintiff's right to include alternative pleading in the Complaint.

The defendant's argument to dismiss the claims under the Freelance Isn't Free Act does not cite to a single case or statute to support dismissal. In fact, the defendant's papers do not even state that the allegations in the Complaint are insufficient. Their papers simply refer to three possible causes of action under FIFA and they appear to argue that the plaintiff must pick one. To the contrary, the plaintiff's FIFA claims against Sotheby's can include all three types of claims under the Act. For the first type of FIFA claim, the defendant declared that the plaintiff was an independent contractor, but they had him perform the work without a written contract. For the second type of claim of FIFA claim, Sotheby's failed to pay the plaintiff in a timely fashion as required by the Freelance Isn't Free Act.[8]  For the third type of FIFA claim, Sotheby's fired the plaintiff because they decided to end their relationship with the workers who they had declared to be independent contractors. So, the plaintiff has claims under all three of the causes of action identified by defense counsel. Of course, those details do not have to be pled in the Complaint. A claim

---

[8] There is even evidence that Sotheby's had a policy of intentionally delaying payment for workers that they had declared were "independent contractors." Whether it was their policy to intentionally delay payment to the independent contractors or not, Sotheby's failed to pay the workers on time and that is a violation of the Freelance Isn't Free Act.

under the Freelance Isn't Free Act is not fraud-based and Rule 9 does not apply. A detailed pleading is simply not required.

Discovery will reveal information and documents that will support the plaintiff's FIFA claims. If the defendant believes that the evidence is insufficient at the end of discovery, they can certainly file a motion for summary judgment. Of course, this current motion is not a summary judgment motion but instead is a motion to dismiss. The motion should be denied because the Complaint adequately states a claim under the Freelance Isn't Free Act.

The second argument that the defendant offers against the FIFA claims is a real waste of the Court's time. It borders on frivolous. They actually argue that the plaintiff:

> "cannot state a claim against Sotheby's pursuant to the Freelance Isn't Free Act because he specifically alleges that he was an employee – and not an independent contractor – of Sotheby's."

It is well-established, and covered early in law school, that a plaintiff can include alternative pleading in a Complaint. In fact, the plaintiff's Complaint uses the word "alternatively" several times. The shocking thing about the defendant having the nerve to make this argument is that they affirmatively state in footnote 8 that the plaintiff was "never employed by Sotheby's and, rather, was engaged as an independent contractor." Even more shocking, and frivolous, is the defendant's acknowledgement in footnote 8 that "Sotheby's recognizes that the issue of whether plaintiff was an independent contractor or employee is not an issue which may be decided on a motion to dismiss." The fact that the defendant made this argument when they know it is wrong and contrary to the law should be kept in mind as the Court reads all of their arguments.[9]

---

[9] I do not say this lightly, but it also must be noted that this is not the first misrepresentation to the Court. Previously, Ms. Baddish represented to the Magistrate Judge that she did not reach an agreement with plaintiff's counsel that plaintiff should hold off on serving the Complaint on Sotheby's so the parties could discuss possible settlement. She tried to have the case dismissed with prejudice on the Court's Notice of Call for Dismissal. Fortunately, the defendant's denial of the agreement was proven to be a lie because plaintiff's counsel had documented the agreement in an email, which was submitted to the Magistrate Judge. Now with this frivolous argument against alternative pleading, defense counsel has two strikes.

In the Complaint, the plaintiff alleges that the defendant misclassified him as an independent contractor when he was really an employee. The defendant denies that claim. In the alternative, the plaintiff pleads that if he was an independent contractor, the defendant violated FIFA and he was damaged by those violations. Under the defendant's version of the law, they would be able to defeat the misclassification claim because the contract states that the plaintiff was an "independent contractor "and they would be able to defeat the FIFA claim because the plaintiff alternatively pled that he was an employee. Of course, that is not the law. The FIFA claims are adequately pled, and it is of no moment that the plaintiff alternatively pled in the Complaint that he was an employee. The evidence will be uncovered in discovery and a determination will be made as to whether the plaintiff was an employee or an independent contractor. At that point, certain claims will stand, and others will not.

The FIFA claims are adequately alleged in the Complaint. The defendant's argument to the contrary is without merit. The motion to dismiss the plaintiff's claims under the Freelance Isn't Free Act should be denied.

## VI.   COUNT FOUR OF THE PLAINTIFF'S COMPLAINT, WHICH ASSERTS A CLAIM FOR AGE DISCRIMINATION, IS HEREBY WITHDRAWN

The plaintiff is withdrawing the age discrimination claims in Count Four of the Complaint.

## VII.   COUNT FIVE OF THE PLAINTIFF'S COMPLAINT, WHICH ASSERTS A CLAIM FOR VIOLATION OF WHISTLEBLOWER LAWS, IS HEREBY WITHDRAWN

The plaintiff is withdrawing the whistleblower claims in Count Five of the Complaint.

## VIII.   PLAINTIFF ACKNOWLEDGES THAT COUNT SIX OF THE PLAINTIFF'S COMPLAINT, WHICH ASSERTS FRAUD-BASED CLAIMS, COULD CONTAIN MORE PARTICULARITY AND SEEKS PERMISSION TO AMEND THE COMPLAINT

Count Six of the plaintiff's Complaint alleges several fraud-based claims, which arise out of the defendant's misrepresentations to the plaintiff. The misrepresentations include the plaintiff's status as a worker at Sotheby's, the payments that Sotheby's will make to the plaintiff, and related issues. An argument can be made that the Complaint adequately states the fraud-based claims but, rather than waste the Court's

time, plaintiff hereby acknowledges that the Complaint could contain more particularity concerning the fraudulent acts and omissions of the defendant and requests permission to amend the complaint after the Court rules on the other requests for dismissal in this motion.

## IX.   THE PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM FOR UNJUST ENRICHMENT

The defendant makes three arguments for dismissal of the unjust enrichment claim. All of the arguments fail. The request to dismiss the unjust enrichment claim should be denied.

First, the defendant argues that the plaintiff is precluded from asserting an unjust enrichment claim merely because the Complaint alleges that the "parties entered into written contracts." The defendant's argument should be rejected because it ignores the time period during which there was no contract between the parties. Even if the Court ultimately decides that the plaintiff cannot pursue an unjust enrichment claim for the time period when there was a contract in place between the parties, the plaintiff will still be allowed to pursue the unjust enrichment claim for the time period when there was no contract in place. Therefore, the unjust enrichment claim should not be dismissed just because the Complaint also alleges that "the parties entered into written contracts."

Second, the defendant argues that the plaintiff is precluded from asserting an unjust enrichment claim because the plaintiff's FLSA claim is "based on the same facts." The defendant's argument should be rejected because the unjust enrichment claim and the misclassification claim are based on different facts and seek different relief. The plaintiff's unjust enrichment claim seeks damages for the defendant's failure to pay the plaintiff properly, including in a timely fashion. The misclassification claim seeks damages resulting from the defendant not treating the plaintiff the same as other employees when it came to sick days, paid vacation leave, paid time off, health insurance, unemployment, worker's compensation coverage, pension and/or retirement savings, and stock options. Therefore, the unjust enrichment claim should not be dismissed just because the Complaint also alleges a misclassification claim.

Third, the defendant argues that the plaintiff's unjust enrichment claim should be dismissed because

the Complaint fails to state a claim. The defendant's argument should be rejected because the Complaint adequately states the unjust enrichment claim. In particular, the Complaint alleges that the defendant was enriched by depriving the plaintiff of his money, that the enrichment was at the plaintiff's expense, and that it is unjust (i.e., against equity) for the defendant to retain the benefit gained. Unjust enrichment is not a fraud-based cause of action, and it does not have to be pled with additional particularity. The Complaint is adequate, and the unjust enrichment claim should not be dismissed.

X.    **THE COURT SHOULD NOT STRIKE THE CLASS ALLEGATIONS IN THIS CASE BECAUSE THIRD CIRCUIT PRECEDENT HOLDS THAT CLASS ALLEGATIONS SHOULD RARELY BE STRICKEN BEFORE DISCOVERY AND BECAUSE THE PLAINTIFF IS ENTITLED TO HAVE THE CLASS CERTIFICATION ISSUE DECIDED BY THE COURT AFTER DISCOVERY IS CONDUCTED**

The defendant's final argument is to strike the class action allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(f) or Federal Rule of Civil Procedure 23(d)(1)(D). The argument fails on both grounds. Rule 12(f) is completely inapplicable, and Rule 23(d)(1)(D) does not provide grounds for striking the class action allegations at this time.

A.    **Rule 12(f) Does Not Provide a Basis to Strike the Class Action Allegations**

The defendant's argument to strike the class action allegations pursuant to Rule 12(f) can be discarded quickly. A review of Rule 12(f) reveals that none of the grounds stated therein for striking a pleading are applicable. Federal Rule of Civil Procedure Rule 12(f) states as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The Complaint in this case does not contain an "insufficient defense." The Complaint also does not contain any "redundant, immaterial, impertinent, or scandalous matter". In fact, the defendant does not even make an argument that Rule 12(f) applies to the plaintiff's Complaint. It is clear that the defendant's argument to strike the class allegations based on Rule 12(f) has no merit and should be denied.

This Court recently denied a motion to strike pursuant to Rule 12(f) and noted that "the purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's

complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." However, "[b]ecause of the drastic nature of the remedy, . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *In re Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, No. 2:19-md-2921-BRM-ESK at *10-11 (D.N.J. Mar. 19, 2021) (citations and internal quotations omitted) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) and *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)); and noting *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 702 (D.N.J. 2013) (explaining that motions to strike are extremely disfavored). The defendant's motion to strike based on Rule 12(f) does not meet that standard. It is clear that the defendant's argument to strike the class allegations based on Rule 12(f) has no merit and should be denied.

**B.  Rule 23(d)(1)(D) Does Not Provide a Basis to Strike the Class Action Allegations**

The defendant's argument to strike the class action allegations pursuant to Rule 23(d)(1)(D) is unsupported and should be denied. Rule 23(d)(1)(D) provides that:

> "the court may issue orders that . . . require that the pleadings be amended to
> eliminate allegations about representation of absent persons and that the action
> proceed accordingly."

The Third Circuit has made it clear that motions to strike are generally disfavored in the early stages of a case. The Third Circuit has acknowledged that there are "rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Landman & Funk PC v. Skinder-Strauss Assoc.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011). "Similarly, numerous cases in this District have emphatically denied requests to strike class allegations at the motion to dismiss stage as procedurally premature." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 707 (D.N.J. 2013) (citing *Ehrhart v. Synthes*, No. 07-1237, 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007); *Andrews v. Home Depot U.S.A., Inc.*, No. 03-5200, 2005 WL 1490474, at *3 (D.N.J. June 23, 2005); *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, at *9 (D.N.J. Dec. 20, 2006)).

Thus, the case law is clear that the District Courts should rarely strike class allegations in a plaintiff's complaint in the early stages of a case. The Court should deny the defendant's motion to strike the class action allegations because this matter is not one of those "rare cases." The only time that a Court should strike class allegations is when "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met". Otherwise, discovery must be conducted before class certification issues are addressed by the Court. In this case, the plaintiff's Complaint is sufficient, and it would be premature to address class certification issues now.

The Complaint sufficiently states a cause of action for violations of the Freelance Isn't Free Act. The plaintiff filed the Complaint for himself and for a class of similarly situated Sotheby's workers who have claims under the Freelance Isn't Free Act. Sotheby's repeatedly delayed payment to those workers in violation of the Freelance Isn't Free Act, which is actionable under the law. That is a manageable class and that alone is sufficient to defeat the defendant's motion to strike class allegations.

The Complaint also sufficiently pleads a cause of action for misclassification under Federal law, State law, and other applicable laws. The plaintiff filed the Complaint for himself and for a class of similarly situated Sotheby's workers who have misclassification claims. Sotheby's misclassified those workers as independent contractors rather than employees, which is actionable. That is a manageable class and that alone is sufficient to defeat the defendant's motion to strike class allegations.

The fact that FLSA claims are handled as a collective matter in which class members have to opt in, rather than as a standard class action in which class members have to opt out, is not a basis for striking class allegations from the Complaint. The Court can make determinations concerning the potential classes at the time of a certification motion, after proper discovery has been conducted.  At that time, the required notices can be sent out to the different classes that the Court determines are proper under the applicable laws.[10]

---

[10] The defendant's motion includes arguments about class actions involving age discrimination claims. Those arguments are now moot because the plaintiff has withdrawn the age discrimination claims in the Complaint.

It must be noted that the defendant's argument that the plaintiff "bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations" is incorrect. The plaintiff cites *Trunzo v. Citi Mortg.*, No. 11-CV-1124, 2018 WL 741422, at *4 (W.D.Pa. Feb. 7, 2018), which in turn was quoting a 9th Circuit case. That is not the law in the Third Circuit. See, *Wilson v. Consol. Rail Corp. (In re Paulsboro Derailment Cases)*, Civil No. 13-761 (RBK/KMW), at *6 (D.N.J. Apr. 8, 2014) ("where a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable.") In addition, the motion to strike in the *Trunzo* case involved the issue of ascertainability, which is not an issue in this case.

Thus, Rule 23(d)(1)(D) does not provide grounds for striking the class action allegations at this time. It would be premature to address class certification issues at this point before any discovery has been conducted. The Court should deny the defendant's motion to strike the class allegations in the Complaint.

## XI.   CONCLUSION

For the reasons set forth above, the Court should deny the defendant's motion to dismiss the plaintiffs' Amended Complaint, deny the defendant's motion to strike the class allegations, grant the plaintiffs' motion to amend the pleadings, and grant whatever other relief the Court deems to be fair, reasonable, and just.

Respectfully yours,

Barry J. Gainey, Esq.
**GAINEY McKENNA & EGLESTON**
375 Abbott Road
Paramus, New Jersey 07652
*Attorneys for the Plaintiff*
T: (201) 225-9001
Our File No.:  170.224
Barry J. Gainey, Esq. (7560)

Dated:  December 22, 2021