<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS FENWICK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SOTHEBY'S, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-11987 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Defendant Sotheby's ("Sotheby's") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Motion to Strike class allegations. (ECF No. 13.) Plaintiff Francis Fenwick ("Fenwick"), individually and on behalf of all others similarly situated, filed an opposition to the motion. (ECF No. 15.) Sotheby's filed a reply. (ECF No. 16.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Sotheby's Motion to Dismiss is **GRANTED** and Sotheby's Motion to Strike is **DENIED AS MOOT.**

**I.   BACKGROUND**

This action arises out of the alleged misclassification of workers as independent contractors instead of employees. (Compl. (ECF No. 1) ¶¶ 1–2.) For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Fenwick. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court applies this same standard on a motion to dismiss for lack of subject matter jurisdiction.

*See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.") (citing *Warth v. Seldin*, 422 U.S. 490 (1975)); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Fenwick is a resident of New Jersey and worked at Sotheby's from 2017 to 2019. (ECF No. 1 ¶ 14.) Sotheby's is headquartered in New York. (*Id.* ¶ 15.) Fenwick handled Sotheby's accounting and financial work, "as well as other work and activities." (*Id.* ¶ 19.) According to Fenwick, Sotheby's misclassified Fenwick "as an independent contractor rather than as an employee, which caused damage to" Fenwick. (*Id.* ¶ 20.) To that end, Fenwick alleges the following causes of action: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), on the basis of employee misclassification (Count One); (2) breach of contract (Count Two); (3) violation of the New York City Freelance Isn't Free Act (Count Three); (4) violation of the Americans with Disability Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law, on the basis of age and disability discrimination (Count Four); (5) violation of whistleblower laws, including New York State Labor Law § 740 and Sarbanes-Oxley Act (Count Five); (6) intentional misrepresentation, fraudulent concealment and non-disclosure, fraud, and fraud in the inducement (Count Six); and (7) unjust enrichment (Count Seven). (*Id.* ¶¶ 25–61.) Moreover, Fenwick brings this action on behalf of himself and as a putative class action. (*Id.* ¶ 1.) The proposed class is defined as

"individuals who worked for Sotheby's who were classified as independent contractors by Sotheby's." (*Id.* ¶ 62.)

On May 30, 2021, Fenwick filed his Complaint. (ECF No. 1.) On November 24, 2021, Sotheby's filed its motion to dismiss and motion to strike class allegations. (ECF No. 13.) On December 22, 2021, Fenwick filed an opposition. (ECF No. 15.) On January 7, 2022, Sotheby's filed a reply. (ECF No. 16.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-03922, 2013 U.S. Dist. LEXIS 37639, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994)). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an

answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings'" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (alterations in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Mortensen*, 549 F.2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, Sotheby's is asserting a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Fenwick. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### B.     Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550

U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, Civ. A. No. 21-1458, 2022 U.S. App. LEXIS 8499, at *14 (3d Cir. Mar. 23, 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral*

*to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 2022 U.S. App. LEXIS 8499, at *8.

### III.  DECISION

Sotheby's moves to dismiss Fenwick's claims in their entirety, arguing Fenwick: (1) failed to plead sufficient facts to invoke the Court's subject matter jurisdiction; (2) failed to exhaust his administrative remedies with regard to certain claims; and (3) has not sufficiently pled facts to plausibly assert his claims. (Sotheby's Mot. Br. (ECF No. 13-1) at 2.) Fenwick argues the Court has subject matter jurisdiction based on diversity and his Complaint sufficiently states claims upon which relief can be granted. (ECF No. 15 at 7.)

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. "In order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Haiying Xi v. Shengchun Lu*, 226 F. App'x 189, 190 (3d Cir. 2007) (citing 28 U.S.C. §§ 1331 and 1332). The plaintiff "bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted).

Here, the Court must first consider its subject matter jurisdiction over Fenwick's claims. In his opposition, Fenwick withdrew his discrimination claims (Count Four), whistleblower claims

(Count Five), and fraud claims (Count Six).[1] (ECF No. 15 at 22–23.) Therefore, the remaining contested claims include alleged violation of the FLSA (Count One), breach of contract (Count Two), violation of the Freelance Isn't Free Act (Count Three), and unjust enrichment (Count Seven).

### A.      Diversity Jurisdiction

Sotheby's argues Fenwick's Complaint should be dismissed for failure to adequately plead facts to support any valid basis for subject matter jurisdiction. (ECF No. 13-1 at 3–4.) Fenwick counters the Court has subject matter jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000. (ECF No. 15 at 14.)

"[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208, at 100 (2d ed. 1990)); *see also Robinson v. CRS Facility Servs., LLC*, Civ. A. No. 12-2693, 2014 U.S. Dist. LEXIS 105130, at *4–5 (D.N.J. July 31, 2014) (finding plaintiffs "must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter" (citations omitted)); *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000) ("It is the plaintiffs' burden to adequately plead diversity jurisdiction [in a diversity case]." (citations omitted)). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412,

---

[1] With respect to Fenwick's fraud claims under Count Six, Fenwick acknowledges his Complaint "could contain more particularity and seeks permission to amend the Complaint." (ECF No. 15 at 22.) Accordingly, the Court will grant Fenwick leave to amend his Complaint as to the fraud claims.

419 (3d Cir. 2010) (citations omitted). Further, "[a] plaintiff asserting diversity jurisdiction bears the burden of demonstrating that the amount in controversy exceeds $75,000." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)). Importantly, "the Court can only 'properly determine whether complete diversity of the parties in fact exists and thus whether the Court has jurisdiction to adjudicate the matter[,]' when the plaintiff . . . affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants." *Phillip v. Atl. City Med. Ctr.*, Civ. A. No. 11-2468, 2013 U.S. Dist. LEXIS 39793, at *13 (D.N.J. Mar. 21, 2013) (quoting *Poling*, 99 F. Supp. 2d at 515).

Here, Fenwick acknowledges "the Complaint does not include affirmative allegations of citizenship," but asserts "the [C]omplaint does allege that [Fenwick] is a resident of New Jersey and that Sotheby's has its corporate headquarters in New York." (ECF No. 15 at 14.) However, "merely alleging an address for each [d]efendant is insufficient to demonstrate a party's citizenship for diversity purposes." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012); *Robinson*, 2014 U.S. Dist. LEXIS 105130, at *4–5 ("Plaintiffs, even when proceeding *pro se*, must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter."); *Crisafulli v. Ameritas Life Ins. Co.*, Civ. A. No. 13-05937, 2014 U.S. Dist. LEXIS 79588, at *12–13 (D.N.J. June 11, 2014) (finding plaintiff "failed to properly plead diversity of citizenship among the parties" when the complaint listed the address of a defendant corporation but did not indicate whether the address was the defendant corporation's "incorporation address or principal place of business"); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting allegations of "residency," as opposed to allegations of citizenship or domicile, are

9

"jurisdictionally inadequate in [a] diversity of citizenship case"); *Rosario v. Hassan*, Civ. A. No. 13-1509, 2013 U.S. Dist. LEXIS 70935, at *6 (D.N.J. May 17, 2013) ("An address or business address is not sufficient to establish citizenship."). Moreover, the Complaint does not allege an amount in controversy to satisfy the requirements to invoke diversity jurisdiction. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014) (holding the party invoking diversity jurisdiction bears the burden of demonstrating the amount in controversy exceeds $75,000).

Accordingly, because Fenwick has not asserted sufficient factual allegations to demonstrate complete diversity of citizenship or whether the amount in controversy exceeds $75,000, the Complaint fails to establish diversity jurisdiction.

B.      **Federal Question Jurisdiction & Federal Rule of Civil Procedure 8**

The Complaint alleges Sotheby's violated the FLSA, a claim arising under federal law that may provide a basis for subject matter jurisdiction. Sotheby's argues jurisdiction did not attach by virtue of Fenwick's FLSA claim because it is "wholly insubstantial and frivolous" and should be dismissed, along with his remaining state law claims, as they are all either time-barred or inadequately pled. (ECF No. 13-1 at 5–12, 23–25.) Fenwick argues his claims are not time-barred and his FLSA, breach of contract, Freelance Isn't Free Act, and unjust enrichment claims are adequately pled. (ECF No. 15 at 15–23.)

Federal question jurisdiction arises over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal Rule of Civil

Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint does not need "detailed factual allegations," but it must possess more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response, *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011).

Here, Fenwick's claims fail to satisfy Federal Rule of Civil Procedure 8. With respect to Fenwick's breach of contract claim, the Complaint merely alleges Sotheby's "breached one or more contracts with [Fenwick] in connection with the work that [Fenwick] did for Sotheby's." (ECF No. 1 ¶ 23.) The Complaint neither identifies any specific agreement entered into between the parties, nor alleges the relevant terms that were purportedly breached, nor alleges conduct by Sotheby's that constituted the breach. *See Demodulation, Inc. v. Applied DNA Scis., Inc.*, Civ. A. No. 11-00296, 2012 U.S. Dist. LEXIS 175917, at *23 (D.N.J. Dec. 12, 2012) (dismissing plaintiff's breach of contract claim where the complaint "does not identify any contract between the parties" or "when the alleged agreement was entered into, what the terms of the agreement were, how long the agreement was to last, and what consideration was provided by each party"); *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (granting defendants' motion to dismiss a breach of contract claim where "the Complaint does not identify

11

the provisions Plaintiff asserts were breached"). Without more, the Complaint is insufficient to ascertain a claim for relief.

Further, Fenwick's FLSA and Freelance Isn't Free Act claims suffer the same fundamental flaw. The Complaint does not identify any provision of these statutes that were purportedly violated, does not contain facts concerning how these statutes were violated, and does not allege conduct on the part of Sotheby's in violation of these statutes.[2] While Rule 8 does not require Fenwick to provide detailed factual allegations, Fenwick must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Compliance with Rule 8 requires Fenwick to give Sotheby's "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted). None of the federal statutes Fenwick asserts are well-pleaded or give Sotheby's notice of what the claim is and the grounds upon which it rests, and therefore, Fenwick's Complaint, supported by mere conclusory statements, is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

With respect to the unjust enrichment claim, Fenwick does little more than allege Sotheby's "gained financially as a result of [its] improper actions" (ECF No. 1 ¶ 55), without identifying the complained-of improper actions. In his opposition, Fenwick clarifies his "unjust enrichment claim seeks damages for the defendant's failure to pay the plaintiff properly, including in a timely

---

[2] In the Complaint, Fenwick summarily alleges "[w]hile working at Sotheby's, the plaintiff learned information that suggested Sotheby's was violating certain laws and acted improperly." (ECF No. 1 ¶ 39.) In his opposition, Fenwick asserts for the first time "Sotheby's did not treat [Fenwick] the same as the other employees when it came to sick days, paid vacation leave, paid time off, health insurance, unemployment, worker's compensation coverage, pension and/or retirement savings, and stock options." (ECF No. 15 at 8–9, 23.) None of these factual allegations are contained in the Complaint and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Zimmerman*, 836 F.2d at 181.

fashion." (ECF No. 15 at 23.) These allegations are not included in the Complaint and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).[3] While the Complaint is not required to adduce detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 548 (quoting *Conley*, 355 U.S. at 47). Accordingly, Sotheby's motion to dismiss is **GRANTED.**[4]

IV. CONCLUSION

For the reasons set forth above, Sotheby's Motion to Dismiss is **GRANTED**, and Sotheby's Motion to Strike is **DENIED AS MOOT**. An appropriate order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2022

---

[3] In his opposition, Fenwick offers a more thorough recitation of the facts and cures inaccurate details contained in the Complaint. (ECF No. 15 at 8–9.) The Complaint is devoid of the factual allegations Fenwick supplemented through his opposition. To the extent Fenwick contends "Sotheby's is aware of all the facts stated [in his opposition]," the argument does not comport with Federal Rule of Civil Procedure 8.

[4] Because there are no surviving claims, Fenwick's class claims must also fail, and therefore, Sotheby's motion to strike the class allegations is moot.