NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIS FENWICK, Individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

SOTHEBY'S, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

    Defendants.

No. 21cv11987 (EP) (JSA)

OPINION

**PADIN, District Judge**

Presently before the Court is Defendant Sotheby's motion to dismiss Count One[1] of Plaintiff Francis Fenwick's ("Fenwick's") amended complaint under Federal Rule of Civil Procedure 12(b)(6). D.E. 21. The Court has reviewed the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, Sotheby's motion is **GRANTED**.

---

[1] Sotheby's motion papers also request dismissal of Counts Two and Four, and to strike Fenwick's class allegations. *See* D.E. 21. Those portions of Sotheby's motion, however, are now moot because on November 3, 2022, Fenwick formally withdrew Counts Two and Four and all class allegations from his pleading. *See* D.E. 44 ("The plaintiff is withdrawing and dropping the breach of contract claim and the unjust enrichment claim. . . . [and] is also withdrawing and dropping the class allegations and claims in this case."). The Court, in turn, entered an Order formally dismissing those claims on November 7, 2022. *See* D.E. 45.

I.  **BACKGROUND**[2]

   A. **Factual Background**

Fenwick worked for Sotheby's from April 3, 2017 until June 30, 2020.  *See* D.E. 19 ¶¶ 61, 65.  Fenwick avers that he was a Sotheby's "employee" during this time frame, as opposed to an independent contractor.  Fenwick's amended complaint, as now pled, asserts two alternative causes of action: (1) a claim for employee misclassification, *see* D.E. 19 at Count One, ¶¶ 57-75, which is rooted in Fenwick's assertion that "[d]uring the time [Fenwick] worked for Sotheby's, Sotheby's misclassified [him] as an independent contractor rather than an employee," *see id.* ¶ 34; and (2) a claim for violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-927, *et seq.*, *see id.* at Count Three, ¶¶ 91-114, which would only be viable upon a finding that Fenwick was in fact correctly classified by Sotheby's as an independent contractor.  Sotheby's presently moves to dismiss Fenwick's employee misclassification claim only, and the remainder of the Court's factual recitation will accordingly focus on that particular claim.

Fenwick "entered into contracts for the first two years that [he] was employed by Sotheby's."[3]  *Id.* ¶ 60.  The first contract covered the period between April 3, 2017 to March 30, 2018; the second covered the period between January 1, 2018 to December 31, 2018.  *Id.* ¶¶ 61-62.  Fenwick was thereafter "employed [by Sotheby's] in the same capacity but without a contract," and continued to work at Sotheby's until June 3, 2020.  *Id.* ¶¶ 63, 65.

"Fenwick was supervised and controlled by Sotheby's" during the time he worked there.  *Id.* ¶ 68.  Sotheby's, for example, "controlled: (1) the number of days that he worked each month;

---

[2] For the purposes of this Opinion, the Court accepts as true all of the complaint's well-pled factual allegations.

[3] Fenwick notes that that "contract[s] for the earlier part of his period of employment declare[] that he is 'independent contractor.'"  D.E. 19 ¶ 67.

2

(2) the hourly rate that Mr. Fenwick would be paid by Sotheby's; (3) the frequency of payroll for Mr. Fenwick; (4) the projects that he worked on and his job assignments; (5) the reporting requirements that Mr. Fenwick had to comply with on those projects and job assignments; (6) who Mr. Fenwick would report to and communicate with about his employment, work projects, and job assignments; (7) his access to Sotheby's computer systems and information network; and (8) other aspects of his employment and work for Sotheby's." *Id.* ¶ 68.  "Sotheby's treated Mr. Fenwick just like other Sotheby's employees in almost every way, including giving him access to the Sotheby's HR Portal, inviting him to all company events, holiday parties, and employee meetings, and giving him standard feedback that an employer gives to an employee." *Id.* ¶ 69.  "However, Sotheby's did not treat Mr. Fenwick just like an employee when it came to sick days, paid vacation leave, paid time off, health insurance, unemployment and worker's compensation coverage, retirement savings, and stock options." *Id.* ¶ 70.  Thus, "Fenwick did not receive all of those benefits like his co-employees at Sotheby's did." *Id.* ¶ 71.

Fenwick broadly alleges that Sotheby's "actions were improper and unlawful, including being in violation of applicable laws, including the Fair Labor Standards Act [("FLSA")] and other State and Federal statutes, laws, and regulations." *Id.* ¶ 58.  Fenwick further alleges that "the New York State Department of Labor and the controlling case law both make it clear that an employer cannot avoid its legal obligations simply by labelling employees as independent contractors. Employee misclassification is a serious violation of the law." *Id.* ¶ 67.

**B.  Procedural History**

Fenwick initiated this action on May 30, 2021 via the filing of his original complaint.  D.E. 1.  On November 24, 2021, Sotheby's moved for dismissal of that pleading.  D.E. 13.  On April 4,

3

2022, Judge Martinotti entered an opinion and order granting Sotheby's motion, and dismissed Fenwick's complaint, without prejudice.  D.E.s 17, 18.

On May 3, 2022, Fenwick filed his amended complaint.[4]  D.E. 19.  On May 17, 2022, Sotheby's filed the present Rule 12(b)(6) motion to dismiss, *inter alia*, Fenwick's employee misclassification claim.  D.E. 21.  Fenwick filed his opposition to that motion on June 21, 2022.  D.E. 27.  Sotheby's filed its reply on June 28, 2022.

Thereafter, on November 3, 2022, Fenwick formally withdrew his breach of contract and unjust enrichment claims (Counts Two and Four, respectively), as well as all class allegations.  *See* D.E. 44 ("The plaintiff is withdrawing and dropping the breach of contract claim and the unjust enrichment claim. . . . [and] is also withdrawing and dropping the class allegations and claims in this case.").  On November 7, 2022, the Court entered an Order formally dismissing those claims in light of Fenwick's letter.  *See* D.E. 45.  This obviates the need for the Court to address those portions of Sotheby's May 17, 2022 motion which request dismissal of those claims.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations.  However, the allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face."  *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).  That standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

---

[4] Fenwick's amended pleading makes clear that he is pursuing his claims in federal court on the basis of, *inter alia*, diversity jurisdiction.  D.E. 19 ¶¶ 22-27.

4

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. As the moving party, the defendant bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of the motion, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### III.  ANALYSIS

As noted, Fenwick alleges that Sotheby's improperly misclassified him as an "independent contractor," when he was in fact, actually a Sotheby's "employee." He broadly alleges that Sotheby's "actions were improper and unlawful, including being in violation of applicable laws, including the [FLSA] and other State and Federal statutes, laws, and regulations." D.E. 19 ¶ 58. Sotheby's moves for dismissal of Fenwick's employee misclassification claim because: (1) he fails to state a claim for relief under the FLSA, *see* D.E. 21-1 at 4-7; and (2) likewise fails to state cognizable claim for "employee misclassification" under any other law. *Id.* at 8. The Court agrees that dismissal is warranted for these reasons.

First, insomuch as Fenwick is asserting a claim against Sotheby's under the FLSA, his pleading fails to demonstrate that Sotheby's committed any actionable violation of that law. Generally speaking, in order to state a *prima facie* claim under the FLSA, a plaintiff must plead that (1) he was an "employee," as defined by the FLSA, (2) the defendant was "engaged in commerce," as defined by the FLSA, and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week. *See*

*Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-CV-01494 (DMC-JAD), 2011 WL 6935312, at *2 (D.N.J. Dec. 30, 2011); *Barrios v. Suburban Disposal, Inc.*, No. 2:12-CV-03663 (WJM), 2013 WL 1504489, at *2 (D.N.J. Apr. 10, 2013).  Here, Fenwick has not alleged that any such overtime violations were committed, and thus, the factual allegations in his pleading fail to state a plausible FLSA claim under this pleading standard.

Furthermore, to the extent that Fenwick's FLSA claim is premised on his contention he was denied sick days, paid vacation leave, paid time off, health insurance, unemployment and workers' compensation coverage, retirement savings, and/or stock options as a result of being classified as an independent contractor, those claims are not actionable under the FLSA.  *See*, *e.g.*, *Rosario v. First Student Mgmt. LLC*, No. 15-CV-6478, 2016 WL 4367019, at *6 (E.D. Pa. Aug. 16, 2016) (interpreting FLSA "prohibited acts" as limited to the following: violations of § 206 (minimum wage provision), § 207 (maximum hours provision), § 212 (child labor provision), § 211(c) (record keeping requirements) or regulations issued under § 214 (records requirement for employment of apprentices)).

Finally, insomuch as Fenwick is instead bringing his employee misclassification claim under "other State and Federal statutes, laws, and regulations," *see* D.E. 19 ¶ 58, his vague reference to "other" laws is inadequate to support a cognizable claim for relief.  *See*, *e.g.*, *Love v. Fifth Third Bank*, No. 19-CV-21215 (MAS) (DEA), 2021 WL 1139874, at *4 (D.N.J. Mar. 24, 2021) (granting defendants' motion to dismiss where plaintiffs "do not identify what statute they are seeking to invoke.").

In sum, Fenwick's claim for "employee misclassification" fails to state a cognizable claim for relief.  It will accordingly be dismissed, without prejudice.  Fenwick may file a second amended complaint within 30 days to address the pleading deficiencies identified herein.  The Court

recognizes, based on the information and proofs that have already been presented by Fenwick in support of this claim, that Fenwick may very well be unable to ever state a cognizable employee misclassification claim. That said, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court finds that it is consistent with principles of fairness and justice to afford Fenwick one last opportunity to do so. Fenwick may file an amended complaint within 30 days of the date of this Opinion.

## IV. CONCLUSION

For the reasons above, Sotheby's motion is **GRANTED**. Count One of Fenwick's amended complaint is accordingly dismissed without prejudice.

Dated: November 17, 2022

_____
Evelyn Padin, U.S.D.J.